# U. S. District Court
## Western District of Arkansas (Harrison)
## CIVIL DOCKET FOR CASE #: 3:11–cv–03057–PKH

Stebbins v. Legal Aid of Arkansas
Assigned to: Honorable P. K. Holmes, III
Cause: 42:12101 Americans with Disabilities Act of 1990

Date Filed: 07/20/2011
Date Terminated: 11/06/2012
Jury Demand: None
Nature of Suit: 446 Civil Rights:
Americans with Disabilities – Other
Jurisdiction: Federal Question

**Plaintiff**

**David Stebbins**　　　　　　　　　represented by　**David Stebbins**
123 W. Ridge St.
Apt. D
Harrison, AR 72601
870–204–6516
PRO SE

V.

**Defendant**

**Legal Aid of Arkansas**　　　　　　represented by　**J. David Dixon**
Davis, Clark, Butt, Carithers &Taylor,
PLC
P.O. Box 1688
19 East Mountain Street
Fayetteville, AR 72702
(479) 521–7600
Fax: (479) 521–7661
Email: ddixon@davis–firm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Don Allen Taylor**
Davis, Wright, Clark, Butt &Carithers,
PLC
P.O. Drawer 1688
19 E. Mountain St.
Fayetteville, AR 72702–1688
(479) 521–7600
Fax: (479) 521–7661
Email: dtaylor@davis–firm.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/20/2011 | 1 | | |

| | | | |
|---|---|---|---|
| | | | COMPLAINT against Defendant Legal Aid of Arkansas, filed by David Stebbins.(sh) (Entered: 07/20/2011) |
| 07/20/2011 | 2 | | MOTION for Leave to Proceed in forma pauperis by David Stebbins. Motions referred to James R. Marschewski.(sh) (Entered: 07/20/2011) |
| 07/20/2011 | 3 | | MOTION for Service filed by David Stebbins. (sh) (Entered: 07/20/2011) |
| 09/09/2011 | 4 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 11–2950, in the 8th Circuit Court of Appeals by David Stebbins (Attachments: # 1 USCA Letter)(jn) (Entered: 09/09/2011) |
| 09/12/2011 | 5 | | AMENDED COMPLAINT as to 1 Complaint against Legal Aid of Arkansas, filed by David Stebbins. Related document: 1 Complaint filed by David Stebbins.(sh) (Entered: 09/12/2011) |
| 09/13/2011 | 6 | | ORDER directing Plaintiff to file an amended complaint by September 30, 2011. The amended complaint should state responses to questions, as set out in this order. Signed by Honorable James R. Marschewski on September 13, 2011. (sh) (Entered: 09/13/2011) |
| 09/27/2011 | 7 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (sh) (Entered: 09/27/2011) |
| 09/27/2011 | 8 | | AMENDED COMPLAINT as to 1 original Complaint, and 5 first Amended Complaint, filed by David Stebbins.(sh) (Entered: 09/27/2011) |
| 09/29/2011 | 9 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying as to 4 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins (Attachments: # 1 USCA Judgment)(jn) (Entered: 09/29/2011) |
| 10/06/2011 | 10 | | ORDER DIRECTING SERVICE on Legal Aid of Arkansas and granting 21 days to answer. Signed by Honorable James R. Marschewski on October 6, 2011. (cc: U.S. Marshals Service–Certified).(rw) (Entered: 10/06/2011) |
| 10/06/2011 | | | 1 USM285 Form Delivered to USMS re 10 Order Directing Service. (rw) (Entered: 10/06/2011) |
| 10/13/2011 | 11 | | MOTION to Amend, 1 Complaint and 8 Amended Complaint by David Stebbins. (lw) (Entered: 10/13/2011) |
| 10/13/2011 | | | TEXT ONLY ORDER granting 11 Motion to Amend Complaint. Signed by Honorable Jimm Larry Hendren on October 13, 2011. (kcg) (Entered: 10/13/2011) |
| 10/20/2011 | 12 | | USM/285 – SUMMONS Returned Executed by David Stebbins. Legal Aid of Arkansas served on 10/14/2011, answer due 11/4/2011. (lw) (Entered: 10/20/2011) |
| 11/02/2011 | 13 | | NOTICE of Appearance by J. David Dixon on behalf of Legal Aid of Arkansas. (Dixon, J.) (Entered: 11/02/2011) |
| 11/02/2011 | 14 | | MOTION for Extension of Time to File Answer re 8 Amended Complaint by Legal Aid of Arkansas. (Dixon, J.) (Entered: 11/02/2011) |
| 11/02/2011 | | | TEXT ONLY MEMO OF REASSIGNMENT. Case Reassigned to Honorable |

| | | | |
|---|---|---|---|
| | | | P. K. Holmes, III. Honorable Jimm Larry Hendren no longer assigned to the case. (mfr) (Entered: 11/02/2011) |
| 11/03/2011 | | | TEXT ONLY ORDER granting 14 Motion for Extension of Time to Answer re 8 Amended Complaint. Legal Aid of Arkansas answer due 11/25/2011.Signed by Honorable P. K. Holmes, III on November 3, 2011. (jas) (Entered: 11/03/2011) |
| 11/03/2011 | 15 | | RESPONSE to Defendant's Motion 14 , for Extension of Time to File Answer re 8 Amended Complaint filed by David Stebbins. (sh) (Entered: 11/03/2011) |
| 11/22/2011 | 16 | | ANSWER to 8 Amended Complaint by Legal Aid of Arkansas.(Dixon, J.) (Entered: 11/22/2011) |
| 11/22/2011 | 17 | | INITIAL SCHEDULING ORDER: Rule 26 Meeting Report due by 1/31/2012. Final Scheduling Order issue date 2/20/2012. Bench Trial set for 11/5/2012 at 09:00 AM in Harrison –– 2nd flr (Rm 231) before Honorable P. K. Holmes, III.Signed by Jane Ann Short, Courtroom Deputy for Honorable P. K. Holmes, III on November 22, 2011. Copy of Initial Scheduling Order mailed to pro se plaintiff. (jas) (Entered: 11/22/2011) |
| 11/28/2011 | 18 | | MOTION for Declaratory Relief filed by David Stebbins. (sh) (Entered: 11/28/2011) |
| 12/05/2011 | 19 | | NOTICE of Appearance by Don Allen Taylor on behalf of Legal Aid of Arkansas. (Taylor, Don) (Entered: 12/05/2011) |
| 12/07/2011 | 20 | | RESPONSE to Motion re 18 MOTION for Relief filed by Legal Aid of Arkansas. (Dixon, J.) (Entered: 12/07/2011) |
| 12/07/2011 | 21 | | MEMORANDUM BRIEF in Support of 20 Response to Motion by Legal Aid of Arkansas. (Dixon, J.) (Entered: 12/07/2011) |
| 01/09/2012 | 22 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (adw) (Entered: 01/09/2012) |
| 01/09/2012 | 23 | | MOTION to Suspend Proceedings by David Stebbins. (adw) (Entered: 01/09/2012) |
| 01/19/2012 | 24 | | RESPONSE to Motion re 23 MOTION to Stay *Proceedings* filed by Legal Aid of Arkansas. (Dixon, J.) (Entered: 01/19/2012) |
| 01/19/2012 | 25 | | MEMORANDUM BRIEF in Support of 24 Response to Motion *to Suspend Proceedings* by Legal Aid of Arkansas. (Dixon, J.) (Entered: 01/19/2012) |
| 01/24/2012 | | | TEXT ONLY ORDER denying 23 Plaintiff's Motion to Stay or Suspend Proceedings. The Court declines to stay the proceedings as Plaintiff is not prevented from continuing to litigate this action. If Plaintiff wishes to voluntarily non–suit his case he may file a motion under Fed. R. Civ. P. 41(a)(2). Signed by Honorable P. K. Holmes, III on January 24, 2012. (jlg) (Entered: 01/24/2012) |
| 01/24/2012 | | | TEXT ONLY ORDER REFERRING MOTION: 18 MOTION for Declaratory Relief filed by David Stebbins. Signed by Honorable P. K. Holmes, III on January 24, 2012. Motions referred to Honorable James R. Marschewski.(jlg) (Entered: 01/24/2012) |

| 01/24/2012 | 26 | | REPLY to Response to Motion re 23 MOTION to Stay filed by David Stebbins. (src) (Entered: 01/24/2012) |
|---|---|---|---|
| 01/24/2012 | 27 | | MOTION to Appoint Counsel by David Stebbins. (src) (Entered: 01/24/2012) |
| 01/24/2012 | | | TEXT ONLY ORDER REFERRING MOTION: 27 MOTION to Appoint Counsel filed by David Stebbins. Signed by Honorable P. K. Holmes, III on January 24, 2012. Motions referred to Honorable James R. Marschewski.(jlg) (Entered: 01/24/2012) |
| 01/31/2012 | 28 | | REPORT of Rule 26(f) Planning Meeting by Legal Aid of Arkansas. (Dixon, J.) (Entered: 01/31/2012) |
| 01/31/2012 | 29 | | FINAL SCHEDULING ORDER: Bench Trial set for 11/5/2012 at 09:00 AM in Harrison –– 2nd flr (Rm 231) before Honorable P. K. Holmes, III. Signed by Jane Ann Short, Courtroom Deputy for Honorable P. K. Holmes, III on January 31, 2012. Copy of order mailed to non–CM/ECF participant. (jas) (Entered: 01/31/2012) |
| 02/02/2012 | 30 | | CERTIFICATE OF SERVICE regarding service of Discovery by David Stebbins. (adw) (Entered: 02/02/2012) |
| 02/06/2012 | 31 | | ORDER denying 27 Motion to Appoint Counsel; and denying 18 Motion for Declaratory Relief. Signed by Honorable James R. Marschewski on February 6, 2012. (lw) (Entered: 02/06/2012) |
| 02/22/2012 | 32 | | CERTIFICATE OF SERVICE regarding discovery by David Stebbins. (adw) (Entered: 02/22/2012) |
| 02/23/2012 | 33 | | MOTION for default or in the alternative for Sanctions or in the alternative to Compel further cooperation by David Stebbins. (rw) (Entered: 02/23/2012) |
| 02/28/2012 | 34 | | RESPONSE to Motion re 33 MOTION for default MOTION for Sanctions MOTION to Compel filed by Legal Aid of Arkansas. (Attachments: # 1 Exhibit Correspondence to Plaintiff, # 2 Exhibit Initial Disclosures, # 3 Exhibit Letter from Plaintiff)(Dixon, J.) (Entered: 02/28/2012) |
| 02/28/2012 | 35 | | MEMORANDUM BRIEF in Support of 34 Response to Motion, by Legal Aid of Arkansas. (Dixon, J.) (Entered: 02/28/2012) |
| 02/28/2012 | 36 | | SUPPLEMENT by Plaintiff David Stebbins to 33 MOTION for default MOTION for Sanctions MOTION to Compel. (rw) (Entered: 02/28/2012) |
| 03/06/2012 | 37 | | MOTION for Partial Summary Judgment by David Stebbins. (tg) (Entered: 03/06/2012) |
| 03/06/2012 | 38 | | MEMORANDUM BRIEF in Support of 37 MOTION for Partial Summary Judgment by David Stebbins. (sh) (Entered: 03/06/2012) |
| 03/06/2012 | 39 | | STATEMENT OF FACTS in support of 37 MOTION for Partial Summary Judgment by David Stebbins. (sh) (Entered: 03/06/2012) |
| 03/06/2012 | 40 | | SUPPLEMENT to 33 MOTION for default, MOTION for Sanctions MOTION to Compel, filed by David Stebbins. (sh) (Entered: 03/06/2012) |
| 03/06/2012 | 41 | | REPLY to Response to Motion 34 filed by David Stebbins. (sh) (Entered: 03/06/2012) |

| | | | |
|---|---|---|---|
| 03/13/2012 | 42 | | RESPONSE to Motion re 33 MOTION for default MOTION for Sanctions MOTION to Compel filed by Legal Aid of Arkansas. (Attachments: # 1 Exhibit Initial Disclosures of Defendant, # 2 Exhibit Defendant's Responses to Pltf Rogs, # 3 Exhibit Correspondence to Plaintiff)(Dixon, J.) (Entered: 03/13/2012) |
| 03/13/2012 | 43 | | MEMORANDUM BRIEF in Support of 42 Response to Motion, by Legal Aid of Arkansas. (Dixon, J.) (Entered: 03/13/2012) |
| 03/14/2012 | | | MOTIONS REFERRED: 33 MOTION for default MOTION for Sanctions MOTION to Compel, 37 MOTION for Partial Summary Judgment. Motions referred to Honorable James R. Marschewski.(ee) (Entered: 03/14/2012) |
| 03/15/2012 | 44 | | CERTIFICATE OF SERVICE of request for admissions by David Stebbins. (adw) (Entered: 03/15/2012) |
| 03/15/2012 | 45 | | MOTION to Strike 41 Reply *of Plaintiff* by Legal Aid of Arkansas. (Dixon, J.) (Entered: 03/15/2012) |
| 03/15/2012 | 46 | | MEMORANDUM BRIEF in Support of 45 MOTION to Strike 41 Reply *of Plaintiff* by Legal Aid of Arkansas. (Dixon, J.) (Entered: 03/15/2012) |
| 03/20/2012 | | | Mail Returned as Undeliverable marked RTS – No longer here. Mail originally sent to David Stebbins at 5800 Law Drive, Harrison, AR 72601 including 44 Certificate of Service filed by David Stebbins. No New address available. (adw) (Entered: 03/20/2012) |
| 03/20/2012 | 47 | | RESPONSE to Motion re 37 MOTION for Partial Summary Judgment filed by Legal Aid of Arkansas. (Attachments: # 1 Exhibit A – Letter from Legal Aid to Stebbins, # 2 Exhibit B – Letter from Stebbins to Legal Aid, # 3 Exhibit C – Letter from Legal Aid to Stebbins, # 4 Exhibit D – Letter from Stebbins to Legal Aid, # 5 Exhibit E – Plaintiff's Response to Interrogatory, # 6 Exhibit F – Letter from Legal Aid to Stebbins, # 7 Exhibit G – Affidavit of W. Marshall Prettyman)(Dixon, J.) (Entered: 03/20/2012) |
| 03/20/2012 | 48 | | MEMORANDUM BRIEF in Support of 47 Response to Motion,, by Legal Aid of Arkansas. (Dixon, J.) (Entered: 03/20/2012) |
| 03/20/2012 | 49 | | STATEMENT OF FACTS in support of 47 Response to Motion,, by Legal Aid of Arkansas. (Dixon, J.) (Entered: 03/20/2012) |
| 03/23/2012 | 50 | | NOTICE of Change of Address for David Stebbins. new address is 123 W. Ridge St., APT D, Harrison, AR 72601 as provided by the Plaintiff.(sh) (sh). Modified on 3/26/2012 to edit text (rw). (Entered: 03/23/2012) |
| 03/30/2012 | 51 | | REPLY to Response to Motion re 37 MOTION for Partial Summary Judgment filed by David Stebbins. (lw) (Entered: 03/30/2012) |
| 04/03/2012 | 52 | | MOTION for Partial Summary Judgment by Legal Aid of Arkansas. (Attachments: # 1 Exhibit A –Letter from Legal Aid to Stebbins, # 2 Exhibit B – Letter from Stebbins to Legal Aid, # 3 Exhibit C – Letter from Legal Aid to Stebbins, # 4 Exhibit D – Letter from Stebbins to Legal Aid, # 5 Exhibit E – Plaintiff's Response to Defendant's Interrogatory, # 6 Exhibit F – Letter from Legal Aid to Stebbins, # 7 Exhibit G – Affidavit of Marshall Prettyman, # 8 Exhibit H – Plaintiff's Response to Defendant's Interrogatory, # 9 Exhibit I – Order of Dismissal)(Dixon, J.) (Entered: 04/03/2012) |

| 04/03/2012 | 53 | | MEMORANDUM BRIEF in Support of 52 MOTION for Partial Summary Judgment by Legal Aid of Arkansas. (Dixon, J.) (Entered: 04/03/2012) |
|---|---|---|---|
| 04/03/2012 | 54 | | STATEMENT OF FACTS in support of 52 MOTION for Partial Summary Judgment by Legal Aid of Arkansas. (Dixon, J.) (Entered: 04/03/2012) |
| 04/10/2012 | 55 | | MOTION for Protective Order *and Sanctions* by Legal Aid of Arkansas. (Attachments: # 1 Exhibit A – Letter from Defendant's counsel to Plaintiff, # 2 Exhibit B – Plaintiff's First Set of Rogs and RFP, # 3 Exhibit C – Plaintiff's Second Set of Rogs, # 4 Exhibit D – Plaintiff's RFA, # 5 Exhibit E – Letter from Plaintiff to Defendant's Counsel, # 6 Exhibit F – Letter from Plaintiff to Defendant's Counsel, # 7 Exhibit G – Letter from Plaintiff to Defendant's Counsel, # 8 Exhibit H – Letter from Plaintiff to Defendant's Counsel, # 9 Exhibit I – Letter from Defendant's Counsel to Plaintiff, # 10 Exhibit J – Letter from Defendant's Counsel to Plaintiff)(Dixon, J.) (Entered: 04/10/2012) |
| 04/10/2012 | 56 | | MEMORANDUM BRIEF in Support of 55 MOTION for Protective Order *and Sanctions* by Legal Aid of Arkansas. (Dixon, J.) (Entered: 04/10/2012) |
| 04/16/2012 | 57 | | RESPONSE to re 55 MOTION for Protective Order *and Sanctions* filed by David Stebbins. (rw) (Entered: 04/16/2012) |
| 04/17/2012 | | | MOTIONS REFERRED: 55 MOTION for Protective Order *and Sanctions*. Motions referred to Honorable James R. Marschewski.(jas) (Entered: 04/17/2012) |
| 04/23/2012 | 58 | | MOTION for Partial Summary Judgment by David Stebbins. (src) (Entered: 04/23/2012) |
| 04/23/2012 | 59 | | MEMORANDUM BRIEF in Support of 58 MOTION for Partial Summary Judgment by David Stebbins. (src) (Entered: 04/23/2012) |
| 04/23/2012 | 60 | | STATEMENT OF FACTS in support of 57 Response to Motion by David Stebbins. (src) (Entered: 04/23/2012) |
| 04/23/2012 | | | MOTIONS REFERRED: 45 MOTION to Strike 41 Reply *of Plaintiff*, 52 MOTION for Partial Summary Judgment, 58 MOTION for Partial Summary Judgment. Motions referred to Honorable James R. Marschewski.(ee) (Entered: 04/23/2012) |
| 04/30/2012 | 61 | | RESPONSE to 52 MOTION for Partial Summary Judgment filed by David Stebbins. (rw) (Entered: 04/30/2012) |
| 04/30/2012 | 62 | | RESPONSE to Motion re 58 MOTION for Partial Summary Judgment filed by Legal Aid of Arkansas. (Attachments: # 1 Exhibit A – Plaintiff's RFA, # 2 Exhibit B – Court Notice re Change of Address, # 3 Exhibit C – Defendant's Responses to Plaintiff's RFA, # 4 Exhibit D – Correspondence from Defendant's counsel to Plaintiff, # 5 Exhibit E – Letter from Defendant's counsel to Plaintiff)(Dixon, J.) (Entered: 04/30/2012) |
| 04/30/2012 | 63 | | MEMORANDUM BRIEF in Support of 62 Response to Motion, *for Partial Summary Judgment* by Legal Aid of Arkansas. (Dixon, J.) (Entered: 04/30/2012) |
| 04/30/2012 | 64 | | STATEMENT OF FACTS in support of 62 Response to Motion, *for Partial Summary Judgment* by Legal Aid of Arkansas. (Dixon, J.) (Entered: |

| | | | |
|---|---|---|---|
| | | | 04/30/2012) |
| 05/02/2012 | 65 | | REPLY to Response to Motion re 52 MOTION for Partial Summary Judgment filed by Legal Aid of Arkansas. (Dixon, J.) (Entered: 05/02/2012) |
| 05/03/2012 | 66 | | REPLY to Response to 58 MOTION for Partial Summary Judgment filed by David Stebbins. (rw) (Entered: 05/03/2012) |
| 07/02/2012 | 67 | | ORDER denying 33 Motion for default, sanctions or to compel; granting 45 Motion to Strike and the reply brief 41 will not be considered and is stricken ; granting 55 Motion for Protective Order as set forth. Signed by Honorable James R. Marschewski on July 2, 2012. (rw) (Entered: 07/02/2012) |
| 07/11/2012 | 68 | | MOTION for Sanctions by Legal Aid of Arkansas. (Attachments: # 1 Exhibit A – Notice of Deposition, # 2 Exhibit B – Email Correspondence, # 3 Exhibit C – Deposition Transcript)(Dixon, J.) (Entered: 07/11/2012) |
| 07/11/2012 | 69 | | MEMORANDUM BRIEF in Support of 68 MOTION for Sanctions by Legal Aid of Arkansas. (Dixon, J.) (Entered: 07/11/2012) |
| 07/16/2012 | 70 | | RESPONSE to 68 MOTION for Sanctions and Incorporated Adverse Motion for Sanctions filed by David Stebbins. (Attachments: # 1 Exhibit A – Email dated 7/5/12, # 2 Exhibit B – Yahoo Calendar, # 3 Exhibit C – Second Motion to compel, # 4 Exhibit D – Email Response dated 7/5/12)(rw) (Entered: 07/16/2012) |
| 07/23/2012 | 71 | | MOTION for Protective Order filed by David Stebbins. (sh) (Entered: 07/23/2012) |
| 08/01/2012 | 72 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (src) (Entered: 08/01/2012) |
| 09/06/2012 | 73 | | MOTION for Partial Summary Judgment by Legal Aid of Arkansas. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Dixon, J.) (Entered: 09/06/2012) |
| 09/06/2012 | 74 | | MEMORANDUM BRIEF in Support of 73 MOTION for Partial Summary Judgment by Legal Aid of Arkansas. (Dixon, J.) (Entered: 09/06/2012) |
| 09/06/2012 | 75 | | STATEMENT OF FACTS in support of 73 MOTION for Partial Summary Judgment by Legal Aid of Arkansas. (Dixon, J.) (Entered: 09/06/2012) |
| 09/10/2012 | 76 | | ORDER denying defendant's 68 Motion for Sanctions as set forth; denying plaintiff's 71 Motion for Protective Order; further the District Court Clerk is directed to send a copy of this Order to the Sheriff Danny Hickman, Boone County Jail, 5800 Law Drive, Harrison, AR 72601; further Order should sent to the Sheriff by certified mail with return receipt requested and plaintiff shall be allowed to have his legal materials relating to this case in his possession during the deposition. Signed by Honorable James R. Marschewski on September 10, 2012. (rw) (Entered: 09/10/2012) |
| 09/10/2012 | 77 | 10 | REPORT AND RECOMMENDATIONS re 52 MOTION for Partial Summary Judgment filed by Legal Aid of Arkansas, 37 MOTION for Partial Summary Judgment filed by David Stebbins, 58 MOTION for Partial Summary Judgment filed by David Stebbins. Objections to RRdue by |

| | | | |
|---|---|---|---|
| | | | 9/27/2012. Signed by Honorable James R. Marschewski on September 10, 2012. (lw) (Entered: 09/10/2012) |
| 09/12/2012 | 78 | | Remark: Certified Receipt Returned executed on 9/11/12 as to Sheriff Danny Hickman re 76 Order. (rw) (Entered: 09/12/2012) |
| 09/13/2012 | 79 | | OBJECTION to 77 Report and Recommendations by David Stebbins. (sh) (Entered: 09/13/2012) |
| 09/14/2012 | 80 | | OBJECTION to 77 Report and Recommendations by Legal Aid of Arkansas. (Dixon, J.) (Entered: 09/14/2012) |
| 09/18/2012 | 81 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (adw) (Entered: 09/18/2012) |
| 10/15/2012 | 82 | | PRETRIAL DISCLOSURE SHEET by Legal Aid of Arkansas. (Dixon, J.) (Entered: 10/15/2012) |
| 10/17/2012 | 83 | | MOTION of Non−Suit by David Stebbins. (lw) (Entered: 10/17/2012) |
| 10/25/2012 | 84 | | MOTION for Extension of Time to File *Trial Brief* by Legal Aid of Arkansas. (Dixon, J.) (Entered: 10/25/2012) |
| 10/26/2012 | | | TEXT ONLY ORDER granting 84 Motion for Extension of Time to File Trial Brief. Further, this case will be removed from the Court's trial docket for November 5, 2012. The case will be reset for trial, if necessary, upon resolution of the currently−pending motions. Signed by Honorable P. K. Holmes, III on October 26, 2012. (jlg) (Entered: 10/26/2012) |
| 10/26/2012 | | | TEXT ONLY ORDER canceling bench trial set for 11/5/2012. Signed by Honorable P. K. Holmes, III on October 26, 2012. (jas) (Entered: 10/26/2012) |
| 10/31/2012 | 85 | | RESPONSE in Opposition re 83 MOTION to Dismiss filed by Legal Aid of Arkansas. (Attachments: # 1 Exhibit A − Richardson Affidavit, # 2 Exhibit B − Davis Affidavit)(Dixon, J.) (Entered: 10/31/2012) |
| 10/31/2012 | 86 | | MEMORANDUM BRIEF in Support of 85 Response in Opposition to Motion by Legal Aid of Arkansas. (Dixon, J.) (Entered: 10/31/2012) |
| 11/02/2012 | 87 | | REPLY to Response to Motion re 83 MOTION to Dismiss filed by David Stebbins. (jn) (Entered: 11/02/2012) |
| 11/06/2012 | 88 | 17 | ORDER ADOPTING 77 Report and Recommendations, as set forth. Signed by Honorable P. K. Holmes, III on November 6, 2012. (rw) (Entered: 11/06/2012) |
| 11/06/2012 | 89 | 32 | JUDGMENT adopting the Magistrate's 77 Report and Recommendation and granting defendant's 52 Motion for Partial Summary Judgment and Mr. Stebbins' two Motions for Partial Summary Judgment 37 and 58 are denied; further ordered that defendant's 73 Second Motion for Partial Summary Judgment is granted and Mr. Stebbins' 83 Motion to Non−Suit is denied; further ordered that Mr. Stebbins' case is dismissed with prejudice and each party is to bear its own costs and fees. Signed by Honorable P. K. Holmes, III on November 6, 2012. (rw) (Entered: 11/06/2012) |
| 12/03/2012 | 90 | 34 | NOTICE OF APPEAL as to 89 Judgment, by David Stebbins. (cc via CM/ECF: Don Allen Taylor and J. David Dixon, via U.S. Postal Service: |

| | | | |
|---|---|---|---|
| | | | David Stebbins ) (lw) (Entered: 12/03/2012) |
| 12/03/2012 | 91 | | MOTION for Leave to Appeal in forma pauperis by David Stebbins. (lw) (Entered: 12/03/2012) |
| 12/03/2012 | | | MOTIONS REFERRED: 91 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 12/03/2012) |
| 12/03/2012 | 92 | | APPEAL NOTICE to Counsel and Pro Se Parties re 90 Notice of Appeal filed by David Stebbins. (lw) (Entered: 12/03/2012) |
| 12/06/2012 | 93 | 35 | ORDER granting 91 Motion for Leave to Appeal in forma pauperis.. Signed by Honorable James R. Marschewski on December 6, 2012. (rw) (Entered: 12/06/2012) |
| 12/14/2012 | 94 | 36 | NOA SUPPLEMENT FORM re 90 Notice of Appeal filed by David Stebbins. (jn) (Entered: 12/14/2012) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                      PLAINTIFF

v.                          Civil No. 11-3057

LEGAL AID OF ARKANSAS                                              DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, David Stebbins, filed this action pursuant to Title III of the Americans with Disabilities Act (ADA). He proceeds *pro se* and *in forma pauperis*.

Plaintiff maintains Defendant violated the ADA in the following ways: (1) denying him legal services because of his disability; and (2) retaliating against him by refusing to handle other legal matters.

Pending before me are two motions for partial summary judgment filed by the Plaintiff (Doc. 37 & Doc. 58). Defendant has also filed a motion for partial summary judgment (Doc. 52).

**1. Background**

Plaintiff has Asberger's Syndrome. (Doc. 39 at pg. 5). As berger Syndrome is a developmental disorder. "Asperger syndrome is often considered a high functioning form of autism. It can lead to difficulty interacting socially, repeat behaviors, and clumsiness." http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0002516/ (accessed September 4, 2012).

On February 15, 2011, Plaintiff was served with a notice of eviction alleging unsanitary conditions and fire hazards due to a large number of electrical devices being plugged in. Plaintiff sought *pro bono* representation and services in connection with an eviction proceeding. (Doc. 39 at pg. 9). Plaintiff met Defendant's income guidelines and Defendant agreed to represent Plaintiff in connection with the eviction proceeding. (Doc. 39 at pgs. 9-11).

-1-

On February 27, 2011, Plaintiff signed a client retainer agreement.  (Doc. 39 at pg. 12).
Among other things, the agreement provided that if Plaintiff lost the case, Defendant would not
automatically appeal the matter to a higher court.  Instead it stated it would "make a separate
decision as to whether they will appeal [the] case and that this decision [would] be based on
[Defendant's] opinion as to whether there is merit for an appeal and whether the time expended
on appeal would be a proper allocation of its limited resources."  (Doc. 39 at pg. 12).

On May 31, 2011, Defendant issued a notice that stated they would not be renewing his
lease which ended on June 30, 2011. His landlord was Harp & Associates LLC.

In an undated letter, Plaintiff asked for assistance with an ADA case he had filed against
Full Sail University, *Stebbins v. Full Sail University*, Civil No. 10-3090.  (Doc. 47-4).
Presumably, in response to this undated letter, on February 28, 2011, Michael Loggains wrote
that Defendant could not assist the Plaintiff with an ADA case and would have to direct its full
and complete attention to the eviction case.  (Doc. 47-6).

Plaintiff brought an abuse of process claim against Harp & Associates.  Plaintiff states
the abuse of process case was dismissed because he was unable to perfect service on process.

On June 16, 2011, Michael Loggains, Managing Attorney for Defendant, sent the
Plaintiff an advice letter.  (Doc. 47-1).  Plaintiff was told that the non-renewal of his lease was
not an eviction.  *Id.*  Further, the letter stated that the legal advice provided up to that time
"concludes our services to you."  *Id.*

On July 20, 2011, Plaintiff filed this ADA law suit.  Prior to service on it, Defendant
learned of the lawsuit on PACER.    (Doc. 39 at pg. 14).

On September 3, 2011, Plaintiff contacted Defendant for assistance in an appeal from an adverse ruling in an unlawful detainer action and in connection with a stay of eviction until the appeal was finalized. (Doc. 42-2). By letter dated September 6, 2011, Defendant stated that it would not represent Plaintiff on the appeal for the following reasons: Defendant was not allowed to taken an appeal when Defendant did not represent the person at the trial level; the order of possession in the unlawful detainer action was not a final appealable order; and, due to a conflict of interest created by Plaintiff's having brought suit against Defendant. (Doc. 39 at pg. 13; Doc. 47-3; Doc. 47-7). Finally, Defendant states that simply because Defendant represented Plaintiff in the past did not mean it would represent him on other matters. *Id.* Instead, Defendant advised Plaintiff he would need to submit a new application for representation if he wanted Defendant to represent him on another matter. *Id.*

## 2.  Applicable Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient

-3-

evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3.  Discussion

### (A).  Plaintiff's Motion for Partial Summary Judgment on the Retaliation Claim

The ADA prohibits disability discrimination in three areas: employment; public services; and public accommodations.  Additionally, the ADA prohibits retaliation against individuals who engage in acts protected under the ADA.  42 U.S.C. § 12203(a).  Specifically, it provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." *Id.*  "Unlike a plaintiff in an ADA *discrimination* case, a plaintiff in an ADA *retaliation* case need not establish that he is a 'qualified individual with a disability.'" *Krouse v. Am. Sterilzier Co.*, 126 F.3d 494, 502 (3d Cir. 1997).

The remedies for retaliation are "defined in Subsection 12203(c) by reference to the remedial sections of the applicable subchapter.  Therefore, the remedies afforded to a plaintiff are determined by the context in which the retaliation occurred." *B.K. ex rel. Keller v. Lake Oswego School District*, 2011 WL 7478817 (D. Or. Oct. 24, 2011)(citing *Stern v. California State Archies*, 982 F. Supp. 690, 693 (E.D. Cal. 1997)).  In this case, the claims are brought in the context of a claim of discrimination in a place of public accommodation.

-4-

To establish a *prima facie* case of retaliation under the ADA, Plaintiff must establish that: (1) he engaged in protected conduct; (2) an adverse action was taken; and (3) there was a causal connection between the protected conduct and the adverse action.   *See e.g., Williams v. Philadelphia Housing Authority Police Dept.*, 380 F.3d 751, 759 (3d Cir. 2004); *Shotz v. City of Plantation, Fla*., 344 F.3d 1161 (11th Cir. 2003).  Once a prima facie case is made the burden shifts to the Defendant to present a non-retaliatory reason for the adverse action.  *See e.g., McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).  The burden them shirts back to the Plaintiff to prove by a preponderance of the evidence that the articulated reason is a pretext for retaliation.  *Id.* at 804.

In this case, Plaintiff maintains that the Defendant's refusal to provide him legal services constituted both a discriminatory action in a place of public accommodation and retaliation.  His first request for representation was in connection with an eviction proceeding.  Defendant provided representation and legal advice on this issue.  In fact, Plaintiff stated he was "most pleased with the quality of the service" he had received so far.  (Doc. 47-4).

Thereafter, Plaintiff was denied representation on an appeal and an abuse of process case for policy reasons--the alleged retaliatory acts.  In addition to the policy reasons stated, one factor in denying Plaintiff representation on other matters was the existence of this lawsuit.  This was not an act of retaliation but a result that flowed directly from the Plaintiff's action in placing Defendant in the position of being an adversary.  *See Rule 1.16 of the Arkansas Rules of Professional Conduct.*

-5-

**(B).  Plaintiff's Motion for Partial Summary Judgment Based on Admissions** (Doc. 58)

In this motion, Plaintiff states he served Defendant with a second set of requests for admissions on March 13, 2012.  Plaintiff maintains the Defendant did not respond by the March 14, 2012, deadline.  As such, he contends all facts included in the requests are deemed admitted and he is entitled to judgment in his favor on his discrimination claim.

Defendant maintains it replied to the requests for admission in a timely manner but that "due to the Court's clerical error, the responses were sent to an incorrect address."  (Doc. 62 at pg. 1).

Plaintiff's requests for admission were mailed on March 14, 2012.  At the time, Plaintiff was incarcerated in the Boone County Detention Center.  On March 23, 2012, Plaintiff submitted a change of address to the Court (Doc. 50).  The address he provided was 8527 Hopewell Rd., Harrison, AR 72601.  The address entered in the docket text was 123 W. Rodge St., Apt. D. Harrison, AR 72601.  Clearly, a clerical error was made.

On April 12, 2012, Defendant mailed the discovery responses to the 123 W. Rodge Street address.  On April 25, 2012, Defendant sent the a second copy of the discovery responses to Plaintiff's correct address.  The motion for summary judgment should be denied.

**(C) Defendant's Motion for Partial Summary Judgment** (Doc. 52)

Defendant moves for partial summary judgment on the retaliation claim.  First, they argue Plaintiff cannot establish a prima facie case of retaliation because representation was declined for legitimate non-retaliatory reasons.  Second, they argue compensatory and punitive damages are not available.

-6-

For the reasons discussed above, Defendant is entitled to summary judgment on this claim.  It is therefore unnecessary for the Court to discuss the availability of compensatory or punitive damages in retaliation cases.

**4.  Conclusion**

For the reasons stated, I recommend that Defendant's motion for partial summary judgment on the retaliation claim (Doc. 52) be granted.  Further, I recommend that Plaintiff's two motions for partial summary judgment (Doc. 37 & Doc. 58) be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of September 2012.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                              PLAINTIFF

v.                              Case No. 3:11-CV-03057

LEGAL AID OF ARKANSAS                                              DEFENDANT

**O R D E R**

Currently before the Court is the Report and Recommendation (Doc. 77) filed in this case
on September 10, 2012, by the Honorable James R. Marschewski, Chief United States Magistrate
Judge for the Western District of Arkansas.  Both parties have timely filed Objections.  (Docs. 79-
80).  Also before the Court are Defendant Legal Aid of Arkansas's ("Legal Aid") Motion for Partial
Summary Judgment (Doc. 73), Plaintiff David Stebbins's Motion to Non-Suit (Doc. 83) and Legal
Aid's Response (Doc. 85).   For the reasons stated below, the Court ADOPTS the Report and
Recommendation and further finds that Legal Aid's Motion for Partial Summary Judgment should
be GRANTED, Mr. Stebbins's Motion to Non-Suit should be DENIED, and the case DISMISSED
WITH PREJUDICE.

I.      **Report and Recommendation**

The Magistrate recommends granting Legal Aid's Motion for Partial Summary Judgment
(Doc. 52) and denying Mr. Stebbins's two Motions for Partial Summary Judgment (Docs. 37 and
58).  Mr. Stebbins objects to the Magistrate's recommendation for denial of his first Motion for
Partial Summary Judgment (Doc. 37) on the grounds that the Americans with Disabilities Act
("ADA") trumps any state or federal professional responsibility rules, such that any conflict of
interest created by his actions should not be considered a valid reason for Legal Aid's refusal to

-1-

represent him.  Mr. Stebbins objects to the Margistrate's recommendation for denial of his second Motion for Partial Summary Judgment on the grounds that it is either Defendant's fault or the Court Clerk's fault that Defendant sent its discovery responses to the wrong address, such that Defendant's late responses to Mr. Stebbins's requests for admissions should not be considered and certain dispositive issues should be deemed admitted.  Legal Aid does not object to any of the Magistrate's ultimate conclusions, but objects to the extent that the Magistrate made the following findings: (1) that Mr. Stebbins has Asperger's Syndrome; (2) that the deadline for Legal Aid to respond to Mr. Stebbins's requests for admissions was March 14, 2012; and (3) that Mr. Stebbins filed a change of address.  The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which the parties have raised objections.  28 U.S.C. § 636(b)(1).  The Court will address each objection in turn.

First, Mr. Stebbins's argument that the ADA trumps any rules of professional conduct is without merit.  Attorneys cannot shirk their ethical and professional responsibilities, and no federal law would mandate that they do so.  Generally, such rules are put in place for the protection of clients or potential clients.  In this case, if Legal Aid were to have disregarded the conflict of interest that would have been created by representing Mr. Stebbins, it would have done a disservice to Mr. Stebbins.  Furthermore, even discounting the conflict of interest as a reason for denying Mr. Stebbins representation, Legal Aid had several other valid reasons to deny Mr. Stebbins representation: Legal Aid found Mr. Stebbins's claims to be without merit; Mr. Stebbins had not filed a separate application for services as he had been told to do; and Legal Aid has limited staff and resources, such that it should not be – and is not – required to expend resources on frivolous claims simply because a potential client claims to have a disability. The Court finds that Mr. Stebbins has not established

Dec 14 p18

a prima facie case of retaliation under the ADA.  However, even if he had, Legal Aid has met its burden of presenting a variety of non-retaliatory reasons for its actions in refusing Mr. Stebbins continued representation.  *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). And Mr. Stebbins has failed to prove by a preponderance of the evidence that Legal Aid's articulated reasons are mere pretext for retaliation.  *Id.* at 804.  The Court adopts the Magistrate's reasoning and conclusion as to Mr. Stebbins's first Motion for Preliminary Judgment and finds that the Motion should be DENIED.

Second, Mr. Stebbins's arguments concerning Legal Aid's failure to timely respond to his Requests for Admissions appear to stem from an overly rigid view of how the Federal Rules of Civil Procedure are to be applied.  If the Court were to so rigidly adhere to such rules, blind to any exigent circumstances or good cause shown for failure to comply, justice would not be served.  Mr. Stebbins seeks harsh remedies under these rules, even though he has been accommodated by the Court in the past.  For instance, as is particularly relevant to the issue at hand, Mr. Stebbins was advised by Court Order dated September 13, 2011, that "he has an obligation to keep the Court informed of any changes in his address.  If he fails to do so and the court receives returned mail, the case will be subject to dismissal." (Doc. 6).  While the record in this case reflects that Mr. Stebbins understood this Order and filed a Notice of Change of Address (Doc. 7) on September 27, 2011, the record also reflects that mail sent by the Court to Mr. Stebbins was returned as undeliverable as noted by the docket entry dated March 30, 2012.  The Court did not, however, resort automatically to the harsh remedy of dismissing Mr. Stebbins's case.  Mr. Stebbins, at some point around that date, was released from the Boone County Detention Center.  Mr. Stebbins may have tried in good faith to comply with the Court's Order, in which case an exception should be made.  The Court, similarly,

will not now resort to the harsh remedy of deeming certain facts to be admitted where Legal Aid has shown that it attempted to timely serve its responses to Mr. Stebbins's requests for admissions in good faith.

It appears that Mr. Stebbins served his requests for admissions on Legal Aid on March 14, 2012, making Legal Aid's deadline to respond April 16, 2012.[1]  Legal Aid attempted, in good faith, to timely serve its responses on Mr. Stebbins on April 12, 2012 to an address which the Court Clerk had incorrectly noted as "123 Rodge St." instead of the correct address of "123 Ridge Street."[2]  After Mr. Stebbins filed his Motion for Partial Summary Judgment asserting that he had not received Legal Aid's responses, Legal Aid sent another set of responses to Mr. Stebbins – on April 25, 2012 – at the correct address.  Federal Rule of Procedure 36(a)(3) allows for a "shorter or longer time for responding" to a request for admission to be "ordered by the Court" without requiring any party to file a motion.  Although it is not clear that any particular standard is required in order for the Court to lengthen the time for a party to provide responses, even using the "excusable neglect" standard mandated by Fed. R. Civ. P. 6(b) for extending time limits once a deadline has passed, the Court finds that Legal Aid has satisfied that standard here.  Legal Aid relied on an address erroneously entered by the Court in sending its first set of responses.  It is unclear at what point that mistake was corrected such that Legal Aid should have been aware of the correct address.  However, it is clear to the Court that Legal Aid did not act in bad faith in responding late to Mr. Stebbins's requests.  As soon as Legal Aid was made aware of the issue via Mr. Stebbins's filing of a Partial Motion for

---

[1] Legal Aid had 30 days to respond under Fed. R. Civ. P. 36(a)(3) plus 3 days, since Mr. Stebbins served his requests by mail, under Fed. R. Civ. P. 6(d).

[2] It also appears that an incorrect Notice of Change of Address was attached to the docket entry, as the attachment indicates an old address and is date-stamped September 27, 2011.

-4-

Summary Judgment, Legal Aid moved quickly to remedy the issue and serve a second set of responses to the correct address. The responses were served only nine days late, and the Court can perceive no prejudice suffered by Mr. Stebbins as a result of the late response.  Therefore, whether or not Legal Aid's responses were originally mailed to the wrong address due to the fault of Legal Aid or the Court Clerk, Legal Aid has shown excusable neglect in failing to timely serve responses; quickly remedied the situation upon realizing the mistake; and Mr. Stebbins will not be prejudiced by the Court lengthening the time to allow Legal Aid to respond under Fed. R. Civ. P. 36(a)(3) and considering its response to be timely.  The Court further adopts the Magistrate's reasoning and conclusions as to Mr. Stebbins's second Motion for Partial Summary Judgment and finds that the Motion should be DENIED.

Third, Legal Aid objects to the Magistrate's statement that Plaintiff has Asperger's Syndrome. (Doc. 77, p. 1).  To the extent that the Magistrate's statement constitutes a finding, the Court declines to adopt the Magistrate's finding.  Upon review of the record, and as set forth more fully below, the Court finds that Mr. Stebbins has not established, for purposes of this case, that he has Asperger's Syndrome.

Fourth, the Court likewise declines to adopt any finding by the Magistrate that Legal Aid's responses to Mr. Stebbins's requests for admissions, postmarked March 14, 2012, were due on March 14, 2012.  As stated above, the Court finds that Legal Aid's responses were otherwise due on April 16, 2012, but the Court has found that Legal Aid's time to respond should be lengthened under Fed. R. Civ. P. 36(a)(3) to April 25, 2012 such that Legal Aid's responses will be accepted as timely.

Fifth, the Court declines to adopt any finding by the Magistrate that Mr. Stebbins submitted

-5-

a change of address to the Court on March 23, 2012.  The Court makes no specific finding regarding whether or not Mr. Stebbins properly submitted a change of address on March 23, 2012, as the Court cannot discern from the record whether the wrong change of address was filed as Document 50 due to Mr. Stebbins failure to submit a correct Notice of Change of Address or, rather, due to the clerical error of the Court Clerk.  In any event, such a finding is immaterial to the resolution of any issue in this case.

Accordingly, the Court finds that the Report and Recommendation is proper and should be ADOPTED, with the limited exceptions that the Court declines to adopt any findings included in the Report and Recommendation, to the extent that the Magistrate made such findings, (1) that Plaintiff has Asperger's Syndrome; (2) that Legal Aid's responses to Mr. Stebbins's requests for admissions were due March 14, 2012; and (3) that Mr. Stebbins submitted a change of address to the Court on March 23, 2012.  Accordingly, Defendant's Motion for Partial Summary Judgment on Mr. Stebbins's retaliation claim (Doc. 52) is GRANTED, and Mr. Stebbins's two Motions for Partial Summary Judgment (Docs. 37 and 58) are DENIED.

## II.      Motion for Partial Summary Judgment

Legal Aid filed a Motion for Partial Summary Judgment (Doc. 74) on September 6, 2012 as to Mr. Stebbins's discrimination and failure-to-modify claims under the ADA.  The response period has passed, and Mr. Stebbins has not, to this date, filed a response to Legal Aid's Motion.

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*,

-6-

165 F.3d 602 (8th Cir. 1999).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998).  In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "[M]ere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions" cannot withstand a motion for summary judgment. *Mann v. Yarnell*, 497 F.3d 822, 827 (8th Cir. 2007) (internal quotation omitted).

For the reasons set forth below, the Court finds that Legal Aid has met its burden of establishing the absence of a genuine dispute of material fact as to Mr. Stebbins's remaining claims for discrimination and failure to modify under the ADA.  Mr. Stebbins has not produced any evidence to support his allegation that would permit a finding in his favor.

In order to establish a prima facie case of discrimination under Title III of the ADA, Mr. Stebbins must show (1) that he is disabled within the meaning of the ADA, (2) that Legal Aid is a private entity that owns, leases, or operates a place of public accommodation, and (3) that Legal Aid took adverse action against Mr. Stebbins that was based on Mr. Stebbins's disability. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999) (citing 42 U.S.C. § 12182(a) and (b)(2)(A)(ii)). In order to succeed on his claim that Legal Aid failed to accommodate him, Mr. Stebbins must show the first two elements listed above, as well as  that Legal Aid failed to make reasonable modifications that would accommodate Mr. Stebbins's disability without fundamentally altering the nature of the public accommodation.  *Mershon v. St. Louis Univ.*, 442 F.3d 1069, 1077 n. 5 (8th Cir. 2006)

(differentiating a Title II discrimination claim from a Title III failure to accommodate claim).  For purposes of its Motion only, Legal Aid does not contest that it is a place of public accommodation. (Doc. 74, p. 14).  The Court finds, however, that summary judgment should be entered in favor of Legal Aid as Mr. Stebbins has failed to establish the first and third elements of both his discrimination and failure-to-modify claims.

Mr. Stebbins has not produced any evidence in response to Legal Aid's Motion for Partial Summary Judgment on his discrimination and failure-to-modify claims.  The Court would, therefore, be justified in considering Legal Aid's assertions of fact undisputed for purposes of the Motion pursuant to Federal Rule of Civil Procedure 56(e)(2).  The Court has nevertheless reviewed the full record in an effort to determine whether Legal Aid is entitled to summary judgment.

While the Court does not doubt that Mr. Stebbins may have Asperger's Syndrome, the record appears to be devoid of any legally sufficient evidence through which Mr. Stebbins has actually established that he has Asperger's Syndrome.  In order for Mr. Stebbins to show that he is disabled for purposes of the ADA, he must show (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such impairment; or (3) that he was regarded by Legal Aid as having such an impairment.  42 U.S.C. § 12102.  Mr. Stebbins has failed to satisfy any of the above three criteria.  Assuming that Mr. Stebbins does, in fact, have Asperger's Syndrome, Mr. Stebbins has failed to establish that his Asperger's Syndrome substantially limits one or more major life activity.  In order to establish that his condition is substantially limiting, Mr. Stebbins "must present evidence showing the degree to which *he personally* is limited by his condition[]." *Kirkeberg v. Canadian Pac. Ry.*, 619 F.3d 898, 903 (8th Cir. 2010) (emphasis in original).  Mr. Stebbins has failed to produce any evidence of substantial limitation and instead relies on self-

serving and conclusory allegations.  Mr. Stebbins has likewise failed to show that he has a record

of Asperger's Syndrome substantially limiting one or more major life activity or that Legal Aid

regarded him as having Asperger's Syndrome and discriminated against, or refused to accommodate,

him for that reason.

Even had Mr. Stebbins established that he is disabled for purposes of the ADA, he has failed

to establish that his alleged disability was the basis for Legal Aid's action in refusing to represent

him or that Legal Aid failed to make reasonable modifications to accommodate his alleged disability.

Mr. Stebbins's claim for discrimination appears to be based merely on his speculation that Legal Aid

must have discriminated against him based on his prior life experiences.  Mr. Stebbins alleges that

he has been repeatedly discriminated against, because of his Asperger's Syndrome, throughout his

life, and that therefore it is only logical that Legal Aid likewise discriminated against him on the

same basis.  That argument is not legally sufficient, without any supporting evidence, to establish

a prima facie claim for discrimination under the ADA.  Furthermore, Mr. Stebbins has done nothing

to rebut Legal Aid's showing that it had numerous, non-discriminatory reasons for refusing to

represent Mr. Stebbins once its representation was concluded as to Mr. Stebbins's eviction

proceeding:[3] namely, that Legal Aid found Mr. Stebbins's claims to be without merit; that Mr.

Stebbins had not filed a separate application for services as he had been told to do; and that Legal

Aid has limited staff and resources, such that it must exercise discretion as to what matters it chooses

to take on and should not be – and is not – required to expend resources on frivolous claims simply

because a potential client claims to have a disability.  Mr. Stebbins has not presented any evidence

---

[3] In the absence of direct evidence of discrimination, discrimination claims are analyzed under the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

that those reasons were mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804.

As to his failure-to-modify claim, Mr. Stebbins has not shown that Legal Aid failed to make reasonable modifications that would accommodate Mr. Stebbins's disability without fundamentally altering the nature of the public accommodation. *Mershon*, 442 F.3d at 1077 n. 5. A failure-to-modify claim contemplates three inquiries: whether the requested modification is reasonable, whether it is necessary for the disabled individual, and whether it would fundamentally alter the nature of the public accommodation. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 684 n. 38 (2001) (internal quotations omitted). After Legal Aid declined to represent Mr. Stebbins on a matter, Mr. Stebbins sent a fax to Legal Aid stating that he had Asperger's Syndrome and requesting accommodation in the nature of Legal Aid or its attorneys being patient with things he said and disregarding any comments they found to be offensive. As a threshold issue, the Court has found no evidence on record through which Mr. Stebbins has shown that Legal Aid was not patient with his comments, found any of his comments to be offensive, and/or failed to disregard any comments that they may have found to be offensive. Further, Mr. Stebbins has not shown that his requested accommodation would have required any modification of Legal Aid's already existing policies or that any modification was otherwise necessary in order to afford him access to Legal Aid's services, especially when Legal Aid had previously represented Mr. Stebbins successfully in an eviction proceeding. Therefore, the Court need not necessarily reach the inquiries noted above, as it is not apparent to the Court that Mr. Stebbins even requested a modification as contemplated by the ADA or that Legal Aid acted contrary to his request. However, the Court finds that Mr. Stebbins's failure-to-modify claim must fail under an analysis pursuant to the inquiries listed as well, as Mr. Stebbins has failed to show that any modification of Legal Aid's policies was necessary to accommodate his

alleged disabilities given that Legal Aid had successfully represented Mr. Stebbins in the past and had no problems communicating with him in that proceeding. Mr. Stebbins does not contend that he was displeased with Legal Aid's representation in that proceeding or that he had any problems with any Legal Aid lawyer lacking patience with him or being offended by his comments during that representation. Additionally, Mr. Stebbins has not identified any policy, practice, or procedure of Legal Aid that needed to be modified in order accommodate his alleged disability.

Furthermore, in other Title III cases regarding failure-to-modify claims as against places of public accommodation, the Eighth Circuit has found that a plaintiff must establish that his requested accommodations would have rendered him to be otherwise qualified for acceptance into a particular program. *See, e.g.*, *Mershon*, 442 F.3d at 1077 (plaintiff bears the initial burden of demonstrating that he requested reasonable accommodations and that those accommodations would render him otherwise qualified for admission into academic program); *Stern v. Univ. of Osteopathic Med. & Health Sciences*, 220 F.3d 906, 909 (8th Cir. 2000) (finding, in an academic setting, that the plaintiff would have to establish that reasonable accommodations for his disability would render him qualified for a medical school program). The same rule should logically apply to Mr. Stebbins's Title III claims in the instant matter. Assuming Legal Aid refused to accommodate Mr. Stebbins's request that it disregard any comments it founds to be offensive, and assuming that such action would require any modification of Legal Aid's existing policies, Mr. Stebbins has not shown that he would otherwise have been qualified for acceptance for representation by Legal Aid. It appears undisputed, for instance, that Legal Aid found Mr. Stebbins's claims to be without merit and that Mr. Stebbins had not filed a separate application for services as he had been told to do and as was required by Legal Aid for all persons seeking representation on a matter.

-11-

For all of the above reasons, the Court finds that Legal Aid has shown that there is no genuine dispute of material fact as to whether Mr. Stebbins can establish a prima facie case of either discrimination or a claim for failure to modify under the ADA.  The Court finds that Legal Aid's Motion for Partial Summary Judgment as to Mr. Stebbins's claims for discrimination and failure to modify should, therefore, be GRANTED.

### III.    Motion to Non-Suit

Mr. Stebbins filed a Motion to Non-Suit this case on October 17, 2012, stating that he needed "a reprieve from my litigation practices to focus on securing acquittal of my felony charges.  I wish to take advantage of the Arkansas Savings Statute, which entitles me one year within which to re-file this case."  (Doc. 83).  Legal Aid has filed a Response in opposition (Doc. 85) to Mr. Stebbins's Motion and a brief in support (Doc. 86).  Mr. Stebbins filed a Reply (Doc. 87) without leave of Court,[4] which the Court has nonetheless considered.

Because Legal Aid has already filed both an Answer and Motions for Summary Judgment in this case, and is opposed to any non-suit by Mr. Stebbins, this action may be dismissed at Mr. Stebbins's request only by Court order, on terms that the Court considers proper.  Fed. R. Civ. P. 41(a)(2).  Legal Aid argues that Mr. Stebbins fails to present a proper explanation for his desire to dismiss this case; that dismissal would result in a waste of judicial time and effort; and that dismissal will prejudice Legal Aid.  The Court agrees. Furthermore, at the time Mr. Stebbins filed his Motion to Non-Suit, the matter was ripe for consideration on the merits via Legal Aid's and Mr. Stebbins's

---

[4] The Court's Final Scheduling Order, filed in this case on January 31, 2012, provides that "[e]xcept for motions for summary judgment, leave of court must be obtained to file a reply in support of a motion.  A reply filed without leave of court will not be considered."  (Doc. 29, p. 2).

Dec 14 p28

four separate Motions for Partial Summary Judgment.[5]  The Court has now decided all four Motions in Legal Aid's favor and, as a result, the case is to be dismissed on the merits.

Even had the Court not decided all the issues in Legal Aid's favor, Mr. Stebbins filed his Motion to Non-Suit less than three weeks before the case was scheduled to go to trial on November 5, 2012.  Mr. Stebbins states in his Reply that both Legal Aid and the Court invited Mr. Stebbins to file a motion to non-suit earlier in this litigation, and that Legal Aid should therefore not complain since he is merely doing what Legal Aid suggested.  As a point of clarification, it does not appear that  Legal Aid ever suggested that Mr. Stebbins non-suit his case.  In responding to an earlier Motion to Stay filed by Mr. Stebbins, Legal Aid merely pointed out that Mr. Stebbins's Motion was procedurally improper and that the only proper procedural mechanisms available to Mr. Stebbins at that juncture were to either proceed with the case or voluntarily non-suit the case.  (Doc. 25).  The Court did not and does not view that argument as a suggestion or endorsement of the Court granting any motion to non-suit filed by Mr. Stebbins at any time thereafter.  Furthermore, the Court did agree with Legal Aid's argument that a motion to non-suit would be procedurally proper, and did state that "[i]f Plaintiff wishes to voluntarily non-suit his case he may file a motion under Fed. R. Civ. P. 41(a)(2)."  (Text Only Order dated January 24, 2012).  Nowhere in that Text Only Order did the Court indicate, suggest, or promise that, if such a motion were filed, it would be granted.  Rather, the Court must consider any motion filed by the parties to a case at the time that it is filed and after

---

[5] Objections to the Report and Recommendation of the Magistrate, addressing Mr. Stebbins's two Motions for Partial Summary Judgment as well as one of Legal Aid's Motions for Partial Summary Judgment, were due by September 27, 2012, and both parties had timely filed objections. Mr. Stebbins's response to Legal Aid's second Motion for Partial Summary Judgment was due by September 24, 2012, and none was filed, making the Motion ripe for consideration by the Court on that date.

allowing the opposing party an opportunity to respond.  Mr. Stebbins chose to file his Motion to Non-Suit almost nine months after the Court had entered that Text Only Order; after both parties had filed two Motions for Partial Summary Judgment; after the case was ripe for consideration on the merits; and only three weeks before the case was set to go to trial.

The Court finds that, as a result of the Court's ruling on the parties' Motions for Partial Summary Judgment, as set forth above, Mr. Stebbins's Motion to Non-Suit is DENIED AS MOOT. Alternatively, the Motion is DENIED, as the Court finds that a dismissal without prejudice, over the objection of the Defendant, at this juncture of the litigation would be improper.

## IV.   Conclusion

For all the reasons set forth above, IT IS ORDERED that the Report and Recommendation (Doc. 77) is ADOPTED, with the limited exceptions that the Court declines to adopt any finding included in the Report and Recommendation, to the extent the Magistrate made such findings, (1) that Plaintiff has Asperger's Syndrome; (2) that Legal Aid's responses to Mr. Stebbins's requests for admissions were due March 14, 2012; and (3) that Mr. Stebbins submitted a change of address to the Court on March 23, 2012.  Accordingly, Defendant's Motion for Partial Summary Judgment on Mr. Stebbins's retaliation claim (Doc. 52) is GRANTED, and Mr. Stebbins's two Motions for Partial Summary Judgment (Docs. 37 and 58) are DENIED.

IT IS FURTHER ORDERED that Legal Aid's second Motion for Partial Summary Judgment (Doc. 73), as to Mr. Stebbins's claims for discrimination and failure to modify, is GRANTED.

IT IS FURTHER ORDERED that, as a result of the above rulings, Mr. Stebbins's case is DISMISSED WITH PREJUDICE.  A separate judgment will be entered in accordance with this Order.

-14-

IT IS FURTHER ORDERED that Mr. Stebbins's Motion to Non-Suit (Doc. 83) is DENIED.

IT IS SO ORDERED this 6th day of November, 2012.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                PLAINTIFF

v.                                    Case No. 3:11-CV-03057

LEGAL AID OF ARKANSAS                                                DEFENDANT

## JUDGMENT

For the reasons set forth in the Court's Order filed on this same date, IT IS HEREBY

ORDERED AND ADJUDGED that the Magistrate's Report and Recommendation (Doc. 77) is

ADOPTED, with the limited exceptions that the Court declines to adopt any finding included in the

Report and Recommendation, to the extent the Magistrate made such findings, (1) that Plaintiff has

Asperger's Syndrome; (2) that Legal Aid's responses to Mr. Stebbins's requests for admissions were

due March 14, 2012; and (3) that Mr. Stebbins submitted a change of address to the Court on March

23, 2012.  Accordingly, Defendant's Motion for Partial Summary Judgment on Mr. Stebbins's

retaliation claim (Doc. 52) is GRANTED, and Mr. Stebbins's two Motions for Partial Summary

Judgment (Docs. 37 and 58) are DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Legal Aid's second Motion for Partial

Summary Judgment (Doc. 73), as to Mr. Stebbins's claims for discrimination and failure to modify

under the Americans with Disabilities Act, is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that Mr. Stebbins's Motion to Non-Suit

(Doc. 83) is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that, as a result of the above rulings, Mr.

Stebbins's case is DISMISSED WITH PREJUDICE.  Each party is to bear its own costs and fees.

IT IS SO ORDERED AND ADJUDGED this 6th day of September, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**

DEC 0 3 2012

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**DAVID STEBBINS**                                                   **PLAINTIFF**

**VS**                           **CASE NO. 11-3057**

**LEGAL AID OF ARKANSAS**                           **DEFENDANTS**

## NOTICE OF APPEAL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following notice of

appeal.

I appeal...

1.     The District Court's adverse grant of summary judgment on November 6, 2012,

2.     The order depriving me of discovery, and

3.     The orders denying my motions to compel discovery.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                          PLAINTIFF

        v.                          Civil No. 11-3057

LEGAL AID OF ARKANSAS                                          DEFENDANT

## <u>ORDER</u>

        Plaintiff has filed a motion for leave to appeal *in forma pauperis* (Doc. 91).  The motion

(Doc. 91) is granted.

        IT IS SO ORDERED this 6th day of December 2012.


                                        /s/ *J. Marschewski*
                                        _____
                                         HON. JAMES R. MARSCHEWSKI
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

-1-

## U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -  HARRISON  DIVISION

## 11-3057   DAVID STEBBINS  vs.  LEGAL AID OF ARKANSAS

Length of Trial:          **NONE**

Financial Status:     Fee Paid?                                    Yes        No **XX**

                        If NO, has IFP been granted?        Yes **XX**     No

                        Is there a pending motion for IFP?    Yes        No

Are there any other post-judgment motions?        Yes        No **XX**


Please identify the court reporter.

        If no court reporter, please check

        Name
        Address

Telephone Number

**CRIMINAL CASES ONLY:**
        Is the defendant incarcerated?                      Yes    No
Place of confinement, if known:

Please list all other defendants in this case, if there were multiple defendants.


SPECIAL COMMENTS: