# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

## NO. 12-3981

---

## DAVID STEBBINS,
**Appellant**

**vs.**

## LEGAL AID OF ARKANSAS,
**Appellee**

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**Hon. P. K. Holmes, III**
**Chief United States District Judge**

---

## BRIEF OF APPELLEE, LEGAL AID OF ARKANSAS

---

**Constance G. Clark #79033**
**Don A. Taylor #89139**
**J. David Dixon #05251**
**DAVIS, CLARK, BUTT, CARITHERS & TAYLOR, PLC**
**Post Office Box 1688**
**Fayetteville, AR 72702-1688**
**(479) 521-7600 (Telephone)**
**(479) 521-7661 (Facsimile)**
**cclark@davis-firm.com**

# SUMMARY OF THE CASE

Appellant David Stebbins filed this action *pro se* against Legal Aid of Arkansas pursuant to Title III of the Americans With Disabilities Act ("ADA"). Mr. Stebbins alleges that he suffers from Asperger's syndrome and that Legal Aid denied him services as a result of his disability. In an amended complaint, he added the allegation that Legal Aid's continued refusal to represent him constituted retaliation for the filing of this lawsuit.

On September 10, 2012, United States Magistrate Judge James R. Marschewski issued his report and recommendations, in which he recommended that the plaintiff's two motions for partial summary judgment be denied and that Legal Aid's motion for partial summary judgment be granted. On November 6, 2012, Chief United States District Judge P. K. Holmes, III issued his order adopting (with certain limited exceptions) the magistrate's report and recommendations, denying the plaintiff's two motions for partial summary judgment, and granting the defendant's motion for partial summary judgment. In addition, Judge Holmes granted Legal Aid's second motion for partial summary judgment, denied the plaintiff's motion for nonsuit, and dismissed the plaintiff's case in its entirety with prejudice. This appeal by Mr. Stebbins follows.

# TABLE OF CONTENTS

SUMMARY OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT

   I.    THE DISTRICT COURT CORRECTLY CONCLUDED
       THAT THE AMERICANS WITH DISABILITIES ACT
       DOES NOT PREEMPT THE ARKANSAS RULES OF
       PROFESSIONAL CONDUCT AND DID NOT ERR IN
       GRANTING SUMMARY JUDGMENT IN FAVOR OF
       LEGAL AID ON THE PLAINTIFF'S RETALIATION
       CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

       A.    STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . 12

       B.    THE ADA DOES NOT PREEMPT STATE RULES
             OF PROFESSIONAL CONDUCT. . . . . . . . . . . . . . . . . . . . 13

       C.    THE PLAINTIFF FAILED TO ESTABLISH A
             PRIMA FACIE CASE OF RETALIATION BUT,
             EVEN IF HE HAD, LEGAL AID
             DEMONSTRATED LEGITIMATE,
             NON-RETALIATORY REASONS FOR ITS
             ACTIONS, ENTITLING IT TO JUDGMENT IN
             ITS FAVOR AS A MATTER OF LAW. . . . . . . . . . . . . . . . 15

II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DETERMINING THAT LEGAL AID TIMELY RESPONDED TO REQUESTS FOR ADMISSIONS AND IT PROPERLY ENTERED SUMMARY JUDGMENT IN FAVOR OF LEGAL AID ON THE PLAINTIFF'S DISCRIMINATION CLAIM. . . . . . . . . . 20

  A. STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . 20

  B. THE DISTRICT COURT CORRECTLY DETERMINED THAT LEGAL AID'S RESPONSES TO REQUESTS FOR ADMISSIONS WERE TIMELY SERVED. . . . . . . . . . . . . . . . . . . . . . . . 21

  C. THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF LEGAL AID ON THE PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . 25

III. THE DISTRICT COURT'S DISCOVERY RULINGS AND AWARD OF RULE 11 SANCTIONS DID NOT CONSTITUTE AN ABUSE OF DISCRETION. . . . . . . . . . . . . . . 26

  A. STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . 26

  B. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED THE PLAINTIFF'S PURPORTED MOTION TO COMPEL DISCOVERY AND SANCTIONED THE PLAINTIFF BY PROHIBITING HIM FROM SERVING FURTHER DISCOVERY. . . . . . . . . . . . . . . . . . . 27

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

# TABLE OF AUTHORITIES

**PAGE**

**Cases:**

*Amir v. St. Louis University*,
    184 F.3d 1017 (8th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 16, 24

*Argenyi v. Creighton University*,
    2013 U.S. App. LEXIS 918 (8th Cir. 2013). . . . . . . . . . . . . . . . . . . . . . 12, 20

*Banks v. Office of the Senate Sergeant-at-Arms & Doorkeeper*,
    226 F.R.D. 113 (D. D.C. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Burlington Northern & Santa Fe Railway Co. v. White*,
    548 U.S. 53 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Cipollone v. Liggett Group*,
    505 U.S. 504 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cook v. Kartridg Pak Co.*,
    840 F.2d 602 (8th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Doe v. Cassel*,
    403 F.3d 986 (8th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 31

*Gacek v. Owens & Minor Distribution, Inc.*,
    666 F.3d 1142 (8th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Gagnon v. United States*,
    193 U.S. 451 (1904). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Gutting v. Falstaff Brewing Corp.*,
    710 F.2d 1309 (8th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 22

*Haigh v. Gelita USA, Inc.*,
    632 F.3d 464 (8th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hemmingsen v. Messerli & Kramer, P.A.*,
   674 F.3d 814 (8th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jackson v. United Parcel Service, Inc.*,
   643 F.3d 1081 (8th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Kirk Capital Corp. v. Bailey*,
   16 F.3d 1485 (8th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Lieberman v. Gulf Oil Corporation*,
   315 F.2d 403 (2nd Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Lopez v. Tyson Foods, Inc.*,
   690 F.3d 869 (8th Cir. 2012. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 20

*Naucke v. City of Park Hills*,
   284 F.3d 923 (8th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Pope v. Federal Express Corp.*,
   49 F.3d 1327 (8th Cir. 1995*).* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 26, 31

*Ranger Transportation, Inc. v. Wal-Mart Stores*,
   903 F.2d 1185 (8th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Robinson v. Potter*,
   453 F.3d 990 (8th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Roeben v. BG Excelsior Limited Partnership*,
   545 F.3d 639  (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*State of Minnesota, ex rel. Northern Pacific Center, Inc. v.*
   *BNSF Railway Company*,
   686 F.3d 567 (8th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 20

*Stewart v. Independent School District No. 196*,
   481 F.3d 1034 (8th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Edelmann*,
    458 F.3d 791 (8th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*United States v. Mabie*,
    663 F.3d 322 (8th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 30

*United States v. Rees*,
    447 F.3d 1128 (8th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Wiser v. Wayne* Farms,
    411 F.3d 923 (8th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**Constitutional Provisions:**

U.S. Const. art. VI, cl. 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

**Statutes:**

42 U.S.C. §12203(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Court Rules:**

Ark. R. App. P. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Ark. R. Civ. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Ark. R. Prof'l Conduct 1.7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18

Ark. R. Prof'l Conduct 1.16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Fed. R. Civ. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10, 26, 30, 31, 34

Fed. R. Civ. P. . 11(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Fed. R. Civ. P. 11(c)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Fed. R. Civ. P. 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Fed. R. Civ. P. 26(a)........................................ 27

Fed. R. Civ. P. 26(f)........................................ 28

Fed. R. Civ. P. 36.......................................... 22

Fed. R. Civ. P. 36(a)(3)................................. 1, 22, 23

Fed. R. Civ. P. 60(a)........................................ 22

# STATEMENT OF THE ISSUES

## I.

**THE DISTRICT COURT CORRECTLY CONCLUDED
THAT THE AMERICANS WITH DISABILITIES ACT DOES NOT
PREEMPT THE ARKANSAS RULES OF PROFESSIONAL CONDUCT
AND DID NOT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR
OF LEGAL AID ON THE PLAINTIFF'S RETALIATION CLAIM.**

U.S. Const. art. VI, cl. 2
Ark. R. Prof'l Conduct 1.7
*Amir v. St. Louis University*, 184 F.3d 1017 (8th Cir. 1999)

## II.

**THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION
IN DETERMINING THAT LEGAL AID TIMELY RESPONDED
TO REQUESTS FOR ADMISSIONS AND IT PROPERLY ENTERED
SUMMARY JUDGMENT IN FAVOR OF LEGAL AID
ON THE PLAINTIFF'S DISCRIMINATION CLAIM.**

Fed. R. Civ. P. 36(a)(3)
*Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983)

## III.

**THE DISTRICT COURT'S DISCOVERY RULINGS
AND AWARD OF RULE 11 SANCTIONS
DID NOT CONSTITUTE AN ABUSE OF DISCRETION.**

Fed. R. Civ. P. 11
*United States v. Mabie*, 663 F.3d 322 (8th Cir. 2011)
*Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005)
*Pope v. Federal Express Corp.*, 49 F.3d 1327 (8th Cir. 1995)

On July 20, 2011, David Stebbins filed suit in the United States District Court

for the Western District of Arkansas against Legal Aid of Arkansas ("Legal Aid"),

alleging that he is a person with a disability known as Asperger's syndrome and that

Legal Aid discriminated against him in violation of the Americans with Disabilities

Act ("ADA") by refusing to represent him in a legal matter. [Doc. 1][1] On September

12, 2011, Mr. Stebbins amended his complaint to add a charge of retaliation. [Doc.

5] The plaintiff alleged in his amended complaint that Legal Aid refused to represent

him for the additional reason that he had sued Legal Aid. Legal Aid filed its answer,

denying that it discriminated or retaliated against the plaintiff, denying that the

plaintiff's complaint states a cause of action and denying that the plaintiff is entitled

to any relief. [Doc. 16]

On March 6, 2012, Mr. Stebbins filed a motion for partial summary judgment,

seeking judgment in his favor as a matter of law and an award of damages with

---

[1] Because the appellant did not file an appendix or an addendum, references to the record in this brief shall consist of references to the docket numbers of documents filed with the United States District Court for the Western District of Arkansas in case number 3:11-cv-03057.

respect to his retaliation claim. [Doc. 37] Legal Aid responded to the plaintiff's motion and then filed its own motion for partial summary judgment on the retaliation claim. [Doc. 52] The plaintiff later filed a second motion for partial summary judgment, this one relating to his discrimination and failure to modify claim. [Doc. 58] Legal Aid responded to that motion, as well, and then filed its own second motion for partial summary judgment with respect to the discrimination claim. [Doc. 73]

The plaintiff's two motions and the first of Legal Aid's motions were referred by the court to magistrate James R. Marschewski for decision. On September 10, 2012, the magistrate issued his report and recommendation. [Doc. 77] It was Judge Marschewski's recommendation that both of the plaintiff's motions be denied and that the defendant's partial summary judgment motion on the retaliation claim be granted. Mr. Stebbins filed an objection to the magistrate's report and recommendation. [Doc. 79] Legal Aid also filed an objection to certain of the magistrate's factual findings, but did not object to his conclusions. [Doc. 80]

In an order entered on November 6, 2012, Chief United States District Judge P. K. Holmes, III adopted the magistrate's report and recommendation (with the exception of three factual findings) and denied David Stebbins' two partial summary judgment motions, granted Legal Aid's two partial summary judgment motions, and dismissed the plaintiff's complaint with prejudice. [Docs. 88 and 89] On December

3, 2012, Mr. Stebbins filed his notice of appeal to this court from the district court's

judgment. [Doc. 90]

## STATEMENT OF THE FACTS

In late February of 2011, plaintiff David Stebbins completed an application for legal services with Legal Aid, requesting that the agency represent him in connection with an attempt by his landlord, Harp & Associates, to evict him from his apartment. Legal Aid agreed to provide the requested representation and, through attorney Michael Loggains, an employee of Legal Aid's Harrison, Arkansas office, provided Mr. Stebbins with legal services from February 24, 2011 to June 16, 2011. During Legal Aid's representation of Mr. Stebbins, he continuously requested that Legal Aid represent him in multiple other matters. Mr. Loggains repeatedly reminded Mr. Stebbins that Legal Aid would represent him only on the matters that Legal Aid accepted and that he would have to fill out an application for services for Legal Aid to consider representing him in any matter other than the eviction proceeding. Mr. Stebbins never completed an additional application for legal services for any other matters. [Doc. 73, Ex. B]

On March 18, 2011, Legal Aid represented David Stebbins in front of the Federal Housing Authority in connection with the eviction case. Legal Aid successfully argued that, because the plaintiff was receiving federal housing assistance, he could be evicted only for "just cause". The landlord agreed that it

would not pursue eviction; however, it decided that it would not renew the plaintiff's lease, which expired on June 30, 2011. [Doc. 73, Ex. B] On June 16, 2011, after examining the landlord's decision not to renew the plaintiff's lease, attorney Loggains wrote to Mr. Stebbins, advising him that his landlord was legally within its rights in electing not to renew the lease and that "[t]he legal advice provided up to this time concludes [Legal Aid's] services to you at this time. Therefore, I am closing your file." [Doc. 73, Ex. B2] In the same letter, Mr. Loggains again informed Mr. Stebbins that if he needed legal assistance in another matter, he should contact Legal Aid's hotline to reapply for services. Legal Aid closed Mr. Stebbins' file.

On June 18, 2011, Mr. Stebbins faxed Legal Aid a letter in which he voiced his disagreement with Mr. Loggains' opinion that the landlord was not obligated to renew his lease and asked Legal Aid to reconsider its decision to close his file. [Doc. 73, Ex. B5] Mr. Loggains disagreed with the plaintiff's reasoning and considered the legal theory suggested by the plaintiff to be frivolous. [Doc. 73, Ex. B] On June 20, 2011, Mr. Loggains responded to the plaintiff's letter and declined to represent him any further. [Doc. 73, Ex. H] On June 22, 2011, David Stebbins emailed Michael Loggains, requesting that he be reinstated into Legal Aid's clientele immediately. [Doc. 73, Ex. I] In that email, the plaintiff suggested that Mr. Loggains' decision not to represent him amounted to disability discrimination. Mr. Stebbins went on to state

that Asperger's is a "neurological disability that makes it difficult for me to predict when my words may offend people. This means that I am entitled to accommodations under Title III of the Americans with Disabilities Act. . . the best thing you can give me is to ignore anything that might offend you . . . ." Mr. Loggains did not respond to Mr. Stebbins' email.

On July 20, 2011, Mr. Stebbins filed suit *pro se* against Legal Aid in the United States District Court for the Western District of Arkansas, alleging that he is a person with a disability and that Legal Aid unlawfully discriminated against him in violation of the Americans with Disabilities Act. [Doc. 1] On September 3, 2011, the plaintiff sought additional legal services from Legal Aid in connection with an appeal in his landlord's unlawful detainer action. [Doc. 52, Ex. B] Legal Aid declined to represent Mr. Stebbins for several reasons, one of which was the conflict of interest that arose as a result of his pending civil action against Legal Aid. [Doc. 52, Exs. C and G] At that point, Mr. Stebbins amended his complaint to include a retaliation claim. [Doc. 5]

After some discovery was conducted, both parties moved for summary judgment. [Docs. 37, 52, 58, 73] Magistrate James R. Marschewski, to whom the motions had been referred for decision, issued his report and recommendations. After considering the parties' objections to the report, United States District Court Judge

P. K. Holmes, III entered an order adopting the magistrate's report and recommendations (with the exception of three findings of fact[2]), denying the plaintiff's summary judgment motions, granting the defendant's motions for summary judgment, and dismissing the plaintiff's complaint with prejudice. David Stebbins now appeals the district court's order and judgment.

---

[2] Judge Holmes declined to adopt the magistrate's findings that: (1) the plaintiff has Asperger's syndrome, (2) Legal Aid's responses to the plaintiff's requests for admissions were due on March 14, 2012, and (3) Mr. Stebbins submitted a change of address to the court on March 23, 2012. [Doc. 88, pp.5-6]

## SUMMARY OF THE ARGUMENT

David Stebbins filed this case *pro se* seeking relief pursuant to the Americans with Disabilities Act against Legal Aid of Arkansas. Mr. Stebbins claims to suffer from Asperger's syndrome and asserted in his complaint that Legal Aid, which had represented him in other matters, refused to provide him with additional services in violation of the ADA. He later amended his complaint to include a claim of retaliation under the ADA. On appeal, Mr. Stebbins challenges several of the district court's rulings. He asserts that the Arkansas Rules of Professional Conduct's conflict of interest provisions must yield to the ADA. He claims that Legal Aid failed to serve its responses to requests for admissions in a timely manner, thereby entitling him to judgment in his favor as a matter of law. He also contends that the lower court should not have entered an order barring him from serving further discovery.

It is Legal Aid's position that each of Mr. Stebbins' arguments is without merit. Legal Aid contends, first, that the ADA does not "trump" the Arkansas Rules of Professional Conduct and that the ethical principles which govern the practice of law in this state apply in every court and in every case. Legal Aid also contends that, aside from the conflict of interest that was created when David Stebbins sued the agency, it had numerous other legitimate reasons for declining to represent Mr.

Stebbins on the matter for which he sought representation, not the least of which was the fact that the order he sought to appeal from was not yet a final order.

Legal Aid also submits that the lower court acted well within its discretion when it determined that Legal Aid's responses to Mr. Stebbins' second set of requests for admissions were not untimely. Legal Aid had timely served its responses to the requests by mailing them to Mr. Stebbins at the address noted in the court clerk's "change of address" text-entry. When, just two weeks later, it learned of the clerk's error, Legal Aid re-sent the responses to the correct address. Legal Aid also contends that, even if the requests were deemed admitted, they were not sufficient to make out a *prima facie* case of discrimination. To the contrary, Legal Aid established through its own summary judgment motion that it was entitled to judgment in its favor as a matter of law.

Lastly, Legal Aid contends that the district court acted appropriately in July of 2012, when it granted Legal Aid's motion for sanctions and prohibited David Stebbins from serving further discovery. *Pro se* litigants are as equally bound by the provisions of Rule 11 as are parties who are represented by counsel. The incoherence and irrelevance of most of the plaintiff's discovery requests, the harassing and abusive tone of the plaintiff's filings and communications, and the bad faith with which plaintiff David Stebbins conducted his lawsuit are patently clear from a review

of the record.  Sanctions were not only appropriate in this case, but were overdue.

The court acted well within its bounds in imposing a ban on further discovery, especially in light of the fact that Mr. Stebbins never told the court what further discovery he wished to conduct and can demonstrate no harm from the court's ruling.

# ARGUMENT

## I.

### THE DISTRICT COURT CORRECTLY CONCLUDED THAT THE AMERICANS WITH DISABILITIES ACT DOES NOT PREEMPT THE ARKANSAS RULES OF PROFESSIONAL CONDUCT AND DID NOT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF LEGAL AID ON THE PLAINTIFF'S RETALIATION CLAIM.

### A.  Standard of Review.

In his first argument on appeal, plaintiff David Stebbins seeks a reversal of the district court's order denying his motion for partial summary judgment with respect to his claim of retaliation under the Americans with Disabilities Act.  As a general rule, the denial of a summary judgment motion is not appealable after the entry of a final judgment. *Lopez v. Tyson Foods, Inc.*, 690 F.3d 869 (8th Cir. 2012).  However, because cross-motions for summary judgment were filed and defendant Legal Aid's motion with respect to the plaintiff's retaliation claim was granted, Legal Aid will re-frame the issue on appeal as being whether the lower court erred in granting judgment as a matter of law in favor of Legal Aid.

An appeal from a grant of summary judgment is reviewed *de novo*, with the evidence viewed in the light most favorable to the nonmoving party.  *Argenyi v. Creighton University*, 2013 U.S. App. LEXIS 918 (8th Cir. 2013); *State of Minnesota, ex rel. Northern Pacific Center, Inc. v. BNSF Railway Company*, 686 F.3d 567 (8th

Cir. 2012). Summary judgment is appropriate only if no genuine dispute exists as to any material fact and the movant is entitled to judgment as a matter of law. Further, the reviewing court may affirm on any basis supported by the record. *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012).

## B. The ADA Does Not Preempt State Rules of Professional Conduct.

David Stebbins begins his argument by contending that the district court wrongly determined that a conflict of interest created by Mr. Stebbins' suit against Legal Aid was a valid reason for Legal Aid's refusal to represent him and, therefore, erred in denying his motion for partial summary judgment and in granting the defendant's motion. Citing the supremacy clause of the United States Constitution, Mr. Stebbins asserts that "federal law will always trump state law whenever the two conflict." (Appellant's Brief, p. 11) In other words, the plaintiff contends that the Arkansas Rules of Professional Conduct must be disregarded in an action pursuant to the Americans with Disabilities Act.

The district court rejected Mr. Stebbins' argument, noting that "[a]ttorneys cannot shirk their ethical and professional responsibilities, and no federal law would mandate that they do so." [Doc. 88, p. 2] Despite Mr. Stebbins' argument to the contrary, Legal Aid never claimed, nor did the district court hold, that the Arkansas Rules of Professional Conduct, which regulate the actions of Arkansas attorneys,

"trump" the ADA. Rather, the district court merely held – and rightly so – that the Rules of Professional Conduct cannot be ignored, regardless of the nature of a case or the court in which an action is pending.

Mr. Stebbins has cited no case law authority to support his contention that state mandated rules of professional responsibility may be disregarded in the context of a federal disability claim. Article VI, cl. 2 of the United States Constitution provides that the laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." This clause means that state law that conflicts with federal law is without effect. *Cipollone v. Liggett Group*, 505 U.S. 504 (1992). While this provision of our Constitution makes federal laws the supreme law of the land, it does not forbid states from enacting their own laws, rules and regulations, so long as they do not conflict with federal laws in the same field.

Nothing in the Arkansas Rules of Professional Conduct conflicts with any provision of the Americans with Disabilities Act. The Rules of Professional Conduct provide a framework for the ethical practice of law in the State of Arkansas; they in no way address or impact the issue of discrimination or retaliation under the ADA. Because the Rules of Professional Conduct and the Americans with Disabilities Act are two entirely different sets of rules or laws, dealing with entirely different subject

matter, there is no possibility that an ethical rule of conduct could conflict with and, therefore, be required to yield to, a provision of the ADA. The district court's conclusion on this point was eminently correct.

### C.  The Plaintiff Failed To Establish A *Prima Facie* Case Of Retaliation But, Even If He Had, Legal Aid Demonstrated Legitimate, Non-Retaliatory Reasons For Its Actions, Entitling It To Judgment In Its Favor As A Matter Of Law.

The district court not only denied the plaintiff's motion for summary judgment on his claim of retaliation, but it granted Legal Aid's motion for summary judgment on that claim. Legal Aid submits that the lower court correctly concluded that plaintiff David Stebbins failed to establish a *prima facie* case of retaliation under the Americans with Disabilities Act and that its decision granting summary judgment in favor of Legal Aid on that claim should be affirmed.

The ADA contains an anti-retaliation provision that prohibits discrimination against an individual because that person "opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. §12203(a).  In order to establish a *prima facie* case of retaliation under the ADA, a plaintiff must prove:  (1) that he engaged in a statutorily protected activity, (2) that an adverse action was taken against him, and (3) a causal connection

between the protected activity and the adverse action. *Amir v. St. Louis University*, 184 F.3d 1017, 1025 (8th Cir. 1999). If the plaintiff establishes a *prima facie* case, then the burden shifts to the defendant to show a legitimate, non-retaliatory reason for its actions. If the defendant can show a legitimate, non-retaliatory reason for its actions, the burden then returns to the plaintiff, who must present evidence that the defendant's reasons were pretextual. *Stewart v. Independent School District No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007).

Here, the filing of this lawsuit against Legal Aid is, presumably, the statutorily protected activity upon which Mr. Stebbins bases his retaliation claim. However, a person cannot show that he engaged in a statutorily protected activity without first demonstrating that he had a good faith reasonable belief that the alleged retaliator was engaging in discriminatory activity. *Amir v. St. Louis University, supra* at 1025. Here, Mr. Stebbins offered no proof that he had a "good faith reasonable belief" that Legal Aid was engaging in discriminatory activity. Legal Aid accepted Mr. Stebbins' initial request for representation regarding an eviction matter and handled the matter to its conclusion. [Doc. 73, Ex. B] Moreover, Mr. Stebbins was satisfied with Legal Aid's representation. [Doc. 52, Ex. D]

The plaintiff also failed to prove that an adverse action was taken against him as a result of him filing suit against Legal Aid. An "adverse action" is one that is

16

"materially adverse" in that it "well might have dissuaded a reasonable [individual] from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006). Legal Aid does not deny that it declined to represent Mr. Stebbins in an appeal. However, its decision to decline the representation can not be considered an "adverse action" given the fact that Mr. Stebbins had already filed his charge of discrimination and, thus, no dissuasion could arise from the refusal to handle the appeal. In the words of the magistrate, the decision not to represent the plaintiff in the appeal "flowed directly from the Plaintiff's action in placing Defendant in the position of being an adversary." [Doc. 77, p. 5] Stated another way, the "adverse action" of which Mr. Stebbins complains was brought about, at least in part, by his own decision to sue Legal Aid. It would defy logic to allow one who creates an "adverse action" to then bring suit for damages allegedly caused by the very action he brought upon himself.

Even if David Stebbins had established a *prima facie* case of retaliation, the district judge correctly determined that Legal Aid met its burden of showing that it had legitimate, non-retaliatory reasons for declining to represent Mr. Stebbins in an appeal and, further, that Mr. Stebbins failed to prove that Legal Aid's articulated reasons were pretextual. In addition to its concerns regarding a violation of the Rules of Professional Conduct, Legal Aid had a number of other valid reasons for denying

Mr. Stebbins further representation. In a September 6, 2011 letter to Mr. Stebbins, Legal Aid's director of litigation Marshall Prettyman explained that, besides the fact that it would be a conflict of interest to take a case for Mr. Stebbins at the same time he was bringing a case against Legal Aid, his case did not qualify because Legal Aid did not handle the matter at the trial level; a final order had not yet been entered and, thus, the case was not ripe for appeal; and he failed to file an application for Legal Aid's services in connection with the new matter. [Doc. 52, Ex. C] In an affidavit filed in conjunction with Legal Aid's motion for partial summary judgment, Mr. Prettyman set forth in more detail Legal Aid's reasons for declining representation of Mr. Stebbins in the appeal. He stated that Legal Aid's representation of Mr. Stebbins in his appeal would have violated federal regulations to which Legal Aid is subject, possibly causing Legal Aid to be denied further funding; would have violated Legal Aid's internal policies discouraging frivolous appeals and requiring that appropriate consideration be given to priorities in allocating Legal Aid's limited resources; and would have violated Rule 11 of the Arkansas Rules of Civil Procedure and Rule 2 of the Arkansas Rules of Appellate Procedure, in addition to Rules 1.7 and 1.16 of the Arkansas Rules of Professional Conduct. [Doc. 52, Ex. G]

Other than alleging that Legal Aid's actions amount to retaliation, the plaintiff provided no proof to suggest that a reasonable inference of pretextual retaliatory

animus exists.  "A party's unsupported self-serving allegation that [the subject] decision was based on retaliation does not establish a genuine issue of material fact." *Jackson v. United Parcel Service, Inc.*, 643 F.3d 1081, 1088 (8th Cir. 2011).  "[T]he showing of pretext necessary to survive summary judgment requires more than merely discrediting [the opposing party's] asserted reasoning for [the alleged adverse action].  A plaintiff must also demonstrate that circumstances permit a reasonable inference of discriminatory animus."  *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 470 (8th Cir. 2011), citing *Roeben v. BG Excelsior Limited Partnership*, 545 F.3d 639, 643 (8th Cir. 2008) .  Because David Stebbins offered no evidence from which a jury could conclude that Legal Aid's proffered legitimate, non-retaliatory reasons for declining to represent him in his appeal were pretextual, the district court properly denied his motion for summary judgment and entered judgment in favor of Legal Aid as a matter of law.  *Gacek v. Owens & Minor Distribution, Inc.*, 666 F.3d 1142, at *4 (8th Cir. 2012).

## II.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DETERMINING THAT LEGAL AID TIMELY RESPONDED TO REQUESTS FOR ADMISSIONS AND IT PROPERLY ENTERED SUMMARY JUDGMENT IN FAVOR OF LEGAL AID ON THE PLAINTIFF'S DISCRIMINATION CLAIM.

### A.  Standard of Review.

In his second argument on appeal, plaintiff David Stebbins again describes the alleged error as the improper denial of a motion for partial summary judgment, this one relating to his discrimination claim.  As Legal Aid pointed out in Section I of this brief, the denial of a summary judgment motion is not appealable after the entry of a final judgment.  *Lopez v. Tyson Foods, Inc.*, *supra.*  However, because cross-motions for summary judgment were also filed with respect to the plaintiff's discrimination claim, Legal Aid will re-frame the question as being whether the district court erred in granting judgment as a matter of law in favor of Legal Aid.  As stated above, an appeal from a grant of summary judgment is reviewed *de novo*, with the evidence viewed in the light most favorable to the nonmoving party.  *Argenyi v. Creighton University*, *supra*; *State of Minnesota, ex rel. Northern Pacific Center, Inc. v. BNSF Railway Company*, *supra.*

**B.**

**The District Court Correctly Determined That Legal Aid's
Responses To Requests For Admissions Were Timely Served.**

David Stebbins argues that the district court erred when it determined that Legal Aid's responses to the plaintiff's second set of requests for admissions were not untimely. On March 14, 2012, Mr. Stebbins served on Legal Aid by United States mail a set of 42 requests for admissions of fact. [Doc. 62, Ex. A] On April 12, 2012, Legal Aid mailed its responses to the requests for admissions to Mr. Stebbins at 123 W. Rodge St., Apt. D, Harrison, AR 72601 [Doc. 62, Ex. C], which was the address shown in the clerk's March 23, 2012 "text only" notice of the plaintiff's change of address. [Doc. 62, Ex. B] On April 23, 2012, the plaintiff moved for partial summary judgment on the ground that Legal Aid failed to respond to his requests for admissions. [Doc. 58] Mr. Stebbins asserted in his motion that, because no responses were served, the requests were deemed admitted and those admissions prove that he was discriminated against under the ADA and is entitled to $6,174,000 in damages.

Upon learning that the clerk's change of address notice was in error and that Mr. Stebbins lived at 123 W. Ridge Street, not 123 W. Rodge Street, Legal Aid on April 25, 2012 re-sent its responses to the plaintiff's correct address. [Doc. 62, Ex. E] Legal Aid then responded to the plaintiff's motion, contending that it timely

served its responses to the requests for admissions on Mr. Stebbins at the address shown by the court's electronic filing system and that when it discovered that the address had been incorrectly reported by the court clerk, it mailed a copy of the previously served responses to the plaintiff at his correct address. [Docs. 62 and 63] The district court denied the plaintiff's summary judgment motion, finding that Legal Aid "has shown excusable neglect in failing to timely serve responses; quickly remedied the situation upon realizing the mistake; and Mr. Stebbins will not be prejudiced by the Court lengthening the time to allow Legal Aid to respond under Fed. R. Civ. P. 36(a)(3) and considering its response to be timely." [Doc. 88, p. 5]

It is well recognized that a court has the inherent equitable power to correct mistakes that arise from its operation. *Gagnon v. United States*, 193 U.S. 451 (1904); *Lieberman v. Gulf Oil Corporation*, 315 F.2d 403 (2nd Cir. 1963) (finding excusable neglect based on district court clerk's mistake); *See also* Fed. R. Civ. P. 60(a). A court also has considerable discretion in determining whether a request for admission should be deemed admitted due to an alleged failure to timely respond. *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983). Rule 36 of the Federal Rules of Civil Procedure "has never been interpreted so woodenly" as to mandate that in every situation a request will be conclusively established if not answered or objected

to within 30 days of service. *Banks v. Office of the Senate Sergeant-at-Arms & Doorkeeper*, 226 F.R.D. 113, 118 (D. D.C. 2005).

In this case, Legal Aid timely served its responses to the plaintiff's requests for admissions by mailing those responses 29 days after the plaintiff's requests were mailed. Unfortunately, due to a court clerk's error, Legal Aid's responses were sent to an incorrect address. While the plaintiff states in his brief that the clerk's office corrected its mistake three days later and that the defendant failed to update its records after the mistake was corrected (Appellant's Brief, p. 13), Mr. Stebbins has pointed to no proof in the record – because none exists – which demonstrates that the clerk notified the parties that it had modified the text of its previous entry. And, even so, the cases cited above establish the trial court's discretion in determining whether a request should be deemed admitted under circumstances such as these. In short, the district court acted well within its powers in extending the time for response pursuant to Fed. R. Civ. P. 36(a)(3) and in treating Legal Aid's responses as timely and properly served.

In his brief, Mr. Stebbins goes on to argue that if the clerk's office is responsible for confusion regarding his address, "that would only transfer liability to the United States herself. The Clerks . . . are not protected by absolute immunity." (Appellant's Brief, p. 13) In response, Legal Aid would note, first, that the United

States is not a party to this action and it would not be possible for relief to be awarded in favor of the plaintiff and against the United States in this case. Moreover, this argument was not made to the lower court and, therefore, cannot be considered on appeal. *Wiser v. Wayne* Farms, 411 F.3d 923 (8th Cir. 2005); *Naucke v. City of Park Hills*, 284 F.3d 923 (8th Cir. 2002).

Legal Aid would also point out that even if its responses to the plaintiff's requests for admissions were untimely and, therefore, deemed admitted, those admissions would not entitle David Stebbins to summary judgment in his favor on his claim of disability discrimination. In order to establish a *prima facie* case of discrimination under the ADA, the plaintiff was required to prove (1) that he is disabled within the meaning of the ADA, (2) that Legal Aid is a private entity that owns, leases, or operates a place of public accommodation, and (3) that Legal Aid took adverse action against Mr. Stebbins that was based upon his disability. *Amir v. St. Louis University*, *supra* at 1027. Assuming for the sake of argument that all of the requests served on Legal Aid were admitted, those admissions would have been insufficient to prove each element of his claim. None of the requests asked Legal Aid to admit that Mr. Stebbins is disabled within the meaning of the ADA and none of the requests asked Legal Aid to admit that Mr. Stebbins' alleged disability was the basis for Legal Aid's refusal to represent him in an appeal. In short, even if each of the

requests for admission propounded to Legal Aid had been admitted, those admissions would not be sufficient to establish a *prima facie* claim of discrimination under the ADA.

## C.

### The Trial Court Properly Granted Summary Judgment In Favor Of Legal Aid On The Plaintiff's Disability Discrimination Claim.

In his brief, David Stebbins argues only that the district court erred in denying his motion for partial summary judgment on his discrimination claim; he does not contend that the trial court erred in granting Legal Aid's motion for partial summary judgment on that claim. Since the plaintiff failed to file a response to Legal Aid's motion, he would be precluded from making any argument in opposition to the motion on appeal. *United States v. Rees*, 447 F.3d 1128 (8th Cir. 2006) (holding that an argument not raised below cannot be raised on appeal for the first time). Nonetheless, Legal Aid would note that the district court devoted some five and one-half pages of its November 6, 2012 order to an analysis of this claim, concluding that "Legal Aid has met its burden of establishing the absence of a genuine dispute of material fact as to Mr. Stebbins' remaining claims for discrimination and failure to modify under the ADA. Mr. Stebbins has not produced any evidence to support his allegation that would permit a finding in his favor." [Doc. 88, p. 7] There being no

argument from the appellant challenging the district court's decision to which Legal Aid could respond, it will simply reiterate that the lower court correctly concluded that the plaintiff failed to establish a *prima facie* case of discrimination or failure to modify under the ADA and the summary judgment entered in favor of Legal Aid should be affirmed.

## III.

### THE DISTRICT COURT'S DISCOVERY RULINGS AND AWARD OF RULE 11 SANCTIONS DID NOT CONSTITUTE AN ABUSE OF DISCRETION.

#### A.  Standard of Review

A district court's discovery rulings are reviewed "in a manner both narrow and deferential, and reversal is only warranted if an erroneous ruling amounted to a gross abuse of discretion." *Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006).  The district court's discretion is particularly broad as to discovery matters.  *Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988).  If the appealing party can demonstrate a gross abuse of discretion, then he must also demonstrate prejudice. *Ranger Transportation, Inc. v. Wal-Mart Stores*, 903 F.2d 1185, 1187 (8th Cir. 1990). A district court's Rule 11 sanction order is also reviewed for an abuse of discretion. *Pope v. Federal Express Corp.*, 49 F.3d 1327 (8th Cir. 1995).

## B. The Trial Court Did Not Abuse Its Discretion
## When It Denied The Plaintiff's Purported Motion To Compel Discovery
## And Sanctioned The Plaintiff By Prohibiting Him
## From Serving Further Discovery.

As his final point on appeal, David Stebbins argues that the district court erred when it failed to compel Legal Aid to provide full discovery and then prohibited Mr. Stebbins from serving further discovery on the defendant. The plaintiff's purported "motion to compel" (which was actually titled "Motion For Default Or In The Alternative For Sanctions Or In The Alternative To Compel Further Cooperation" [Doc. 33]) was referred to United States Magistrate Judge James R. Marschewski for decision. The gist of the plaintiff's motion was that the defendant did not timely serve the plaintiff with the initial disclosures required by Fed. R. Civ. P. 26(a) and that the disclosures were incomplete. In a "supplement" to his motion [Doc. 40], Mr. Stebbins questioned the propriety of some of Legal Aid's discovery responses and renewed his request that the defendant be declared in default.

Judge Marschewski took up Mr. Stebbins' motion in conjunction with Legal Aid's motion for protective order and sanctions [Doc. 55], which had also been referred to the magistrate for decision. After enduring months of vexatious, abusive and improper behavior, as outlined in its brief [Doc. 56], Legal Aid sought an order from the court barring the plaintiff from filing any motion or serving any

communication or discovery request upon Legal Aid that lacks arguable merit, a good faith basis in law and fact, and professional decorousness and warning the plaintiff that, should he violate such an order, he would be subject to further sanctions, including monetary fines or dismissal of his case. [Doc. 55]

In an order entered on July 2, 2012 [Doc. 67], the magistrate denied the plaintiff's motion, noting that while Legal Aid appeared to be a few days late in providing its initial disclosures, "the delay was minor and Plaintiff was not harmed in any way." [Doc. 67, p. 1][3] The court then granted Legal Aid's motion for protective order, explaining,

> The documents Plaintiff has either filed or submitted to Defendant's counsel have exceeded the scope of this case and have alleged unethical and improper conduct on the part of Defendant or its counsel. Plaintiff has used profanity and threatened to take various actions including contacting federal authorities about the conduct of Defendant's counsel.

> Plaintiff is prohibited from serving any additional discovery requests on the Defendant. At this time, the Court will not impose monetary sanctions on the Plaintiff. However, Plaintiff is advised that civility is required and that failure to conduct himself properly may result in an award of sanctions and/or an injunction from filing future pleadings without first obtaining leave of the Court. [Doc. 67, p. 2]

------

[3] Although the magistrate did not make note of it in his order, Legal Aid had pointed out in its response to the plaintiff's motion that Mr. Stebbins had failed to participate in a Rule 26(f) conference, never responded to Legal Aid's unilaterally filed Rule 26(f) report, never agreed to a suggested date for the initial disclosures, and failed to provide his own initial disclosures. [Doc. 35]

David Stebbins now argues that the lower court should have compelled the defendant "to provide full and complete discovery" and should not have barred him from serving further discovery on the defendant.  (Appellant's Brief, p. 14)

First, it must be noted that the plaintiff never filed a motion to compel discovery.  While he complained about the timing and the content of Legal Aid's initial disclosures and some of Legal Aid's discovery responses, he framed his motion as one for default or sanctions.  Mr. Stebbins did not move the court for an order compelling the defendant to supply any particular information or documents which were allegedly being withheld from him.  Given the fact that he never sought to compel discovery, he cannot now complain that the court failed to give him such relief.

As for the plaintiff's claim that being barred from conducting further discovery was a "harsh and drastic sanction", it is clear that, given the plaintiff's conduct in this case, the court could well have imposed a much more onerous sanction on Mr. Stebbins than simply prohibiting him from serving additional discovery.  By the time the court entered its order on July 2, 2012, nearly one year after this lawsuit was filed and just four months before the case was scheduled for trial [Doc. 17], Mr. Stebbins had served, and Legal Aid had answered, a set of interrogatories and requests for production of documents, as well as two sets of requests for admissions.  In addition,

the defendant had provided its initial Rule 26 disclosures. In his response to the motion for protective order [Doc. 57], Mr. Stebbins did not inform the court that he had a need to conduct any further discovery nor did he articulate the content of any anticipated further discovery. And, in his appeal brief, other than making the general statement that he was "unable to amass enough evidence to prove Defendant's explanation for termination of the attorney-client relationship as pretextual" (Appellant's Brief, p. 15), Mr. Stebbins likewise fails to explain what additional discovery he wished to conduct or how he was harmed by the court's ruling denying him that opportunity.

Federal Rule of Civil Procedure 11(c) permits a court to impose an appropriate sanction on a party that has violated Rule 11. Rule 11 applies to *pro se* litigants as equally as it applies to parties who are represented by counsel. Fed. R. Civ. P. 11, Notes of Advisory Committee on 1983 and 1993 Amendments. The right of self-representation is not a license to ignore relevant rules of procedural and substantive law. *United States v. Mabie*, 663 F.3d 322 (8th Cir. 2011); *United States v. Edelmann*, 458 F.3d 791 (8th Cir. 2006).

A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situation" and may include "nonmonetary directives", as well as monetary penalties and attorney's

fees. Fed. R. Civ. P. 11(c)(4). In *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005), this court stated that the sanction imposed must be proportionate to the litigant's transgression. The Eighth Circuit Court of Appeals has also held that, while trial courts should consider the level of punishment necessary to adequately deter the undesirable conduct, it has stopped short of requiring trial courts to apply the least severe sanction. *Pope v. Federal Express Corp.*, 49 F.3d 1327 (8th Cir. 1995), citing *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). The *Pope* court went on to state, "We simply require that the sanction be appropriate, thereby according broad discretion to the district court", and explaining that "it is not our position to second-guess the district court. . . ." 49 F.3d at 1328.

In this case, as Legal Aid pointed out in the brief in support of its motion for sanctions, plaintiff David Stebbins has a long history of filing frivolous claims and abusing the judicial process. [Doc. 66, pp. 1-2] Other courts have warned him of the baseless nature of his claims and, staying true to form, in this case his motions, discovery and correspondence completely lacked any objective reasonableness, proper purpose, or merit. As Legal Aid pointed out in its brief, in violation of Rule 11 and case law interpreting that rule, Mr. Stebbins' conduct has been harassing, abusive, caused unnecessary delay, and needlessly increased the cost of the litigation. His motions were procedurally improper and woefully inadequate, both factually and

legally. His discovery was largely convoluted, incoherent and irrelevant and his correspondence scurrilous, profane and threatening toward Legal Aid, its counsel and the court.

After considering the conduct exhibited by David Stebbins in this case, the district court determined that Legal Aid's motion was well-founded and that sanctions were warranted. Certainly, a sanction much more severe than a simple prohibition against serving further discovery requests could have justifiably been imposed by the court. However, the magistrate instead chose to rein in the plaintiff's vexatious behavior in a narrow and well-defined way which was plainly intended to deter repetition of Mr. Stebbins' most egregious behavior, combining it with a warning that further improper conduct could result in the imposition of a monetary award, as well as an injunction against the filing of further pleadings without first obtaining leave of court. The sanction imposed by the court was entirely appropriate, well within the bounds of the law, and in no way an abuse of the court's discretion. Accordingly, the district court's decision should be affirmed.

## CONCLUSION

In conclusion, Legal Aid of Arkansas submits that the rulings and orders of the district court in this case were in all respects correct and must be affirmed. David Stebbins' has no legal authority to support his contention that the Arkansas Rules of

Professional Conduct are inapplicable in a federal suit pursuant to the Americans with Disabilities Act and his argument on that point is entirely without merit. Mr. Stebbins filed suit against Legal Aid and then proceeded to make a request for further representation from that agency. The clear conflict of interest created by the plaintiff's own action, coupled with other facts – including the fact that a final order had not yet been entered and an appeal was not ripe – establish without question that Legal Aid had legitimate reasons, which had absolutely nothing to do with his alleged disability, for declining to represent Mr. Stebbins any further.

The plaintiff's argument that he was entitled to judgment in his favor because Legal Aid mailed its responses to his requests for admissions to an incorrect address is equally flawed. The address to which Legal Aid timely served its responses to Mr. Stebbins' second set of requests for admissions was the address noted in the clerk's "change of address" notification. Two weeks later, when Legal Aid discovered that the responses had been mailed to an incorrect address, it promptly re-sent the responses to the plaintiff's correct address. Under those circumstances, the district court acted well within its discretion in extending the time for the responses. Furthermore, admission of the matters set forth in the requests would not have entitled Mr. Stebbins to summary judgment in his favor on his retaliation claim. To

the contrary, the district court correctly determined that Legal Aid was entitled to judgment in its favor as a matter of law on that claim.

And, lastly, the lower court in no way abused its discretion when it granted Legal Aid's motion for Rule 11 sanctions and prohibited the plaintiff from serving further discovery. A review of the record in this case will leave the court with no doubt that David Stebbins' pattern of harassing, threatening and abusive behavior justified protective action on the part of the court. Barring the plaintiff from serving further discovery requests was, perhaps, the least oppressive sanction that could have been imposed on this litigant – especially considering the fact that Mr. Stebbins has failed to suggest what further discovery he wished or needed to conduct.

For all of the reasons set forth in this brief, Legal Aid of Arkansas urges this court to affirm in all respects the judgment of the district court.

Respectfully submitted,

LEGAL AID OF ARKANSAS

By  */s/ Constance G. Clark*
Constance G. Clark #79033
Don A. Taylor #89139
J. David Dixon #05251
DAVIS, CLARK, BUTT, CARITHERS
    & TAYLOR, PLC
P.O. Box 1688
Fayetteville, AR 72702-1688
(479) 521-7600 (Telephone)
cclark@davis-firm.com

# CERTIFICATE OF COMPLIANCE

I, Constance G. Clark, hereby certify that the within Brief contains 8,636 words and 930 lines and, therefore, complies with the type-volume limitations of the Federal Rules of Appellate Procedure. The Brief has been scanned for viruses and is virus-free. In accordance with Eighth Circuit Rule 28A(c), I also certify that this Brief was prepared using Corel Word Perfect, Version X4.

*/s/ Constance G. Clark*
Constance G. Clark

# CERTIFICATE OF SERVICE

I, Constance G. Clark, certify that on January 30, 2013, I electronically filed the foregoing with the clerk of the court of the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

*/s/ Constance G. Clark*
Constance G. Clark