IN THE UNITED STATES COURT FO APPEALS
FOR THE EIGHTH CIRCIUT

DAVID STEBBINS                                                                APPELLANT

VS                                        CASE NO. 12-3981

LEGAL AID OF ARKANSAS                                               APPELLEE

## REPLY BRIEF OF APPELLANT

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following reply brief in support of my appeal.

### Most of Appellee's points are completely frivolous.

There are a variety of points which Legal Aid has made in its appellee brief that are so frivolous and absurd that I refuse to dignify them with anything other than very brief responses. After all, what *can* be said in response to such ludicrous and delusional ramblings as these?!

Thus, I will take advantage of my *pro se* status, and have a relaxed format for this reply brief.[1] I will simply copy-and-paste the things from their brief that I wish to reply to, and reply to them directly underneath; the structure will be similar to replies to message board posts on the Internet (the Court could ask their grandchildren if they need a visual demonstration).

Moving on to the first reply...

**"BECAUSE THE RULES OF PROFESSIONAL CONDUCT AND THE AMERICANS WITH DISABILITIES ACT ARE TWO ENTIRELY DIFFERENT SETS OF RULES OR LAWS, DEALING WITH ENTIRELY DIFFERENT SUBJECT MATTER, THERE IS NO POSSIBILITY THAT AN ETHICAL RULE OF CONDUCT COULD CONFLICT WITH AND, THEREFORE, BE REQUIRED TO YIELD TO, A PROVISION OF THE ADA."**

This sentence begins on Page 14, Line 18 and ends on Page 15, Line 2.

First of all, this argument is being raised for the first time on appeal.

---

1 The case of Haines v. Kerner, 404 U.S. 519 (1972) entitles me to relaxed rules of civil procedure, including the structuring of official court documents.

Second, this argument should be emphatically rejected.  To accept this argument would enable a state statute to override (or at least tie in priority with) a federal statute, so long as they were never *intended* to conflict.  Laws can conflict by accident, and that is what happened, here.

### "[LEGAL AID'S] DECISION TO DECLINE THE REPRESENTATION CAN NOT BE CONSIDERED AN "ADVERSE ACTION" GIVEN THE FACT THAT MR. STEBBINS HAD ALREADY FILED HIS CHARGE OF DISCRIMINATION AND, THUS, NO DISSUASION COULD ARISE FROM THE REFUSAL TO HANDLE THE APPEAL."

Moving on to the next point, this sentence is found on Page 17, Lines 4 – 7.

This argument is also raised for the first time on appeal.

Second, let me get this straight: Essentially, they are saying that, if I get fired from my job one week after helping a coworker file a sexual harassment complaint, there is no possibility that the termination is *in retaliation to* the filing.  Is that about right?!  I humbly ask that the Court inquire about this fallacy in the oral argument.

### "IN THE WORDS OF THE MAGISTRATE, THE DECISION NOT TO REPRESENT THE PLAINTIFF IN THE APPEAL 'FLOWED DIRECTLY FROM THE PLAINTIFF'S ACTION IN PLACING DEFENDANT IN THE POSITION OF BEING AN ADVERSARY.'"

The next of Defendants' absurd arguments is on Page 17, Lines 7 – 9.

This is exactly what I am talking about.  It seems that, if the Defendants and District are not acting in bad faith, they are bumblingly confused. It is a very simple argument that can be summed up in four sentences:

1. Dkt. #1 in the District Court ("the Complaint") is a discrimination complaint.
2. Discrimination complaints are protected against retaliation, so as to encourage those who feel that they have been wronged to go ahead and file the claims without fear of consequences (See 42 USC § 12203).

3. Defendants refused to represent me as a consequence of me filing Dkt. #1 in the District Court.
4. Therefore, Defendants committed the tort of retaliation. It is that simple.

It seems as if both Defendant and the District Court seem confused on Sentence #2. If their viewpoint on Sentence #2 were correct, and my conflicting viewpoint was incorrect, then I concede that the District Court would have reached the correct conclusion.

However, the plain text – no case law necessary – of 42 USC § 12203 very clearly states that my viewpoint on Sentence #2 is correct. In fact, I am pretty sure both Defendant and the District Court know, considering the next frivolous piece of drivel that I am about to address:

**"STATED ANOTHER WAY, THE 'ADVERSE ACTION' OF WHICH MR. STEBBINS COMPLAINS WAS BROUGHT ABOUT, AT LEAST IN PART, BY HIS OWN DECISION TO SUE LEGAL AID. IT WOULD DEFY LOGIC TO ALLOW ONE WHO CREATES AN 'ADVERSE ACTION' TO THEN BRING SUIT FOR DAMAGES ALLEGEDLY CAUSED BY THE VERY ACTION HE BROUGHT UPON HIMSELF."**

This so-called "argument" is on Page 17, Lines 10 – 13.

Actually, this is **_exactly_** what 42 USC § 12203 does! Yes, I can file a discrimination lawsuit, and Defendants can do nothing about it except defend against the lawsuit. They must still offer whatever services they would otherwise offer, but for the discrimination lawsuit. Here are a few examples to show you what I'm talking about:

1. If I do not get a promotion because I cannot do the promotion without reasonable accommodations, but I can do the new job *with* reasonable accommodations, but the employer just doesn't feel like bending over backwards like that. So I sue him for the promotion. Is it legal for the employer to fire me from the job I already have in direct response to being sued?

2. If I bring suit against a restaurant because I learn that they charge me more for the same food items than they charge black customers (not just giving discounts to friends, but categorically charging whites more than blacks), would it be legal for that restaurant to, in direct response to the lawsuit, refuse to continue serving me as a customer altogether?

This is exactly the sort of defensive argument that Congress in 1990 categorically rejected when they passed the Americans with Disabilities Act. Defendant's argument should not only be emphatically rejected, but sanctioned for frivolity. A separate motion for sanctions will be filed soon after this reply brief is filed.

### "THE UNITED STATES IS NOT A PARTY TO THIS ACTION AND IT WOULD NOT BE POSSIBLE FOR RELIEF TO BE AWARDED IN FAVOR OF THE PLAINTIFF AND AGAINST THE UNITED STATES IN THIS CASE."

This is from Page 23 Line 19 through Page 24 Line 2.

Only one minor thing to note, here: I never said that the transfer of liability would happen "in this case."

### Conclusion

In conclusion, this Court has now seen with its own two eyes the frivolity of Defendants' argument. I have addressed but a few of the absurdities that they have raised; many of them are so stupid that they do not even deserve a response.

The only reason the decision of the District Court should be affirmed in this case is if Legal Aid's counsel has this Court under its thumb, at which point, a new lawsuit will be filed in AR State Court, causing this Court's careers to go down the drain faster than you can say "case dismissed." This Court may be immune from suit, but Legal aid and Davis, Clark, Butt, Carithers & Taylor, PLC are not.

Wherefore, premises considered, I humbly move that the Court overturn the decision of the District Court. So requested, this 9th day of February, 2013.

  /s/ David Stebbins  
David Stebbins  
123 W. Ridge St.,  
APT D  
Harrison, AR 72601  
870-204-6516  
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, *pro se* Appellant David Stebbins, hereby certify under penalty of perjury that this reply brief was served on Defendant by allowing its counsel to view it on ECF.

  /s/ David Stebbins  
David Stebbins  
123 W. Ridge St.,  
APT D  
Harrison, AR 72601  
870-204-6516  
stebbinsd@yahoo.com